FILED
IN CLERKS OFFICE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO.:
05 - 10347 RGS

KEITH R. ABLOW
  Plaintiff

V.

FORE RIVER DOCK & DREDGE, INC.,
C.B. MARINE CORPORATION, AND
MAINE COAST MARINE CONSTRUCTION, INC.
  Defendants

## JURISDICTION

Whereas diversity of citizenship exists between the Plaintiff and Defendant and this is a case of admiralty and maritime jurisdiction, jurisdiction for this action is founded upon Title 28 U.S.C. Section 1331, Title 28 U.S.C. Section 1332, and Title 28 U.S.C. Section 1333. Damages are likely to exceed $100,000.00.

## PLAINTIFF'S COMPLAINT

### COUNT I
### NEGLIGENCE V. FORE RIVER DOCK & DREDGE, INC.

1. The Plaintiff, Keith R. Ablow, now or formerly is a resident of Plum Island, Newbury, Massachusetts.

2. The Defendant, Fore River Dock & Dredge, Inc. is a corporation, duly organized under the laws of the State of Maine, has a principle place of business located at 446 Commercial Street in Portland, Maine, and regularly conducts business within the Commonwealth of Massachusetts.

3. At all times relevant the Plaintiff was the owner of the property located at 12 49th Street Plum Island in Newbury, Massachusetts.

4. At all times relevant the Defendant, Fore River Dock & Dredge, Inc., owned, operated, chartered and/or controlled the Tug SEAWIND and Barege DS64 and related equipment.

5. On or about December 11, 2002, the Tug SEAWIND and Barge DS64 and related equipment grounded on the Plaintiff's premises located at 12 49th Street in Newbury, Massachusetts as a result of the negligent acts and/or omissions of Defendant Fore River Dock & Dredge, Inc., its agents, servants, and/or employees.

6. As a result of the negligence of Defendant Fore River Dock & Dredge, Inc., the Plaintiff sustained severe damage to his property, has suffered a loss of the use and enjoyment of said property, and has incurred other consequential damages as will be shown at the time of trial.

WHEREFORE, the Plaintiff demands judgment against Defendant Fore River Dock & Dredge, Inc. in the amount of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS together with interest, costs and attorney's fees.

## COUNT II
## NEGLIGENCE VS. C.B. MARINE CORPORATION

7.     The Plaintiff restates, realleges and incorporates each and every item, paragraph and particular set forth in paragraphs 1 through 6 of Count I.

8.     The Plaintiff, Keith R. Ablow, now or formerly is a resident of Plum Island, Newbury, Massachusetts.

9.     The Defendant, C.B. Marine Corporation is a corporation, duly organized under the laws of the State of Maine, has a principle place of business located at 446 Commercial Street in Portland, Maine and regularly conducts business within the Commonwealth of Massachusetts.

10.     At all times relevant the Plaintiff was the owner of real property located at 12 49th Street Plum Island in Newbury, Massachusetts.

11.     At all times relevant, the Defendant, C.B. Marine Corporation, owned, operated, chartered and/or controlled the Tug SEAWIND and Barge DS64 and related equipment.

12.     On or about December 11, 2002, the Tug SEAWIND and Barge DS64 grounded on the Plaintiff's premises located at 12 49th Street Plum Island in Newbury, Massachusetts as a result of the negligent acts and/or omissions of Defendant C.B. Marine Corporation, its agents, servants and/or employees.

13. As a result of the negligence of Defendant C.B. Marine Corporation the Plaintiff sustained severe damage to his property, has suffered a loss of the use and enjoyment of said property, and has incurred other consequential damages as will be shown at the time of trial.

WHEREFORE, the Plaintiff demands judgment against Defendant C.B. Marine Corporation in the amount of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS together with interest and costs.

COUNT III
NEGLIGENCE V. MAINE COAST MARINE CONSTRUCTION, INC.

14. The Plaintiff restates realleges and incorporates each and every item, paragraph and particular set forth in paragraphs 1 through 6 of Count I and paragraphs 7 through 13 of Count II

15. The Plaintiff, Keith R. Ablow now or formerly is a resident of Plum Island Newbury, Massachusetts.

16. The Defendant, Maine Coast Marine Construction, Inc. is a corporation, duly organized under the laws of the State of Maine, has a principal place of business located at 14 Ocean Street, Suite 1 in South Portland, Maine and regularly conducts business within the Commonwealth of Massachusetts.

17. At all times relevant, the Plaintiff owned real property located at 12 49th Street Plum Island in Newbury, Massachusetts.

18. At all times relevant, the Defendant, Maine Coast Marine Construction, Inc. owned, operated, chartered and/or controlled the Tug SEAWIND and Barge DS64 and related equipment.

19. On or about December 11, 2002, the Tug SEAWIND and Barge DS64 and related equipment grounded on the Plaintiff's property located at 12 49th Street Plum Island in Newbury, Massachusetts as a result of the negligent acts and/or omissions of the Defendant Maine Coast Marine Construction, Inc., its agents, servants and/or employees.

20. As a result of the negligence of Defendant Maine Coast Marine Construction, Inc., the Plaintiff sustained severe damage to his property, has suffered a loss of the use and enjoyment of said property, and has incurred other consequential damages as will be shown at the time of trial.

WHEREFORE the Plaintiff demands judgment against the Defendant Maine Coast Marine Construction, Inc. in the amount of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS together with interest, costs and attorney's fees.

## COUNT IV
### TRESPASS TO LAND V. FORE RIVER DREDGE, INC.

21. The Plaintiff restates, realleges and incorporates each and every item, paragraph and particular set forth in paragraphs 1 through 6 of Count I, paragraphs 7 through 13 of Count II, and paragraphs 14 through 20 of Count III.

22. The Plaintiff Keith R. Ablow now or formerly is a resident of Plum Island Newbury, Massachusetts.

23. The Defendant, Fore River Dock & Dredge, Inc. is a corporation, duly organized under the laws of the State of Maine, has a usual place of business located at 446 Commercial Street in Portland Maine, and regularly conducts business within the Commonwealth of Massachusetts.

24. At all times relevant, the Plaintiff owned real property located at 12 49th Street Plum Island in Newbury, Massachusetts

25. At all times relevant, the Defendant, Fore River Dock & Dredge, Inc., owned, operated chartered and/or controlled the Tug SEAWIND and Barge DS64 and related equipment.

26. On or about December 11, 2002, the Defendant, Fore River Dock & Dredge, Inc., without lawful authority, entered upon the Plaintiff's real property located at in Newbury, Massachusetts and committed a trespass thereon when the Tug SEAWIND and Barge DS64 and related equipment became grounded on the Plaintiff's real property, thereby causing the Plaintiff to incur damages.

WHEREFORE, the Plaintiff demands judgment against the Defendant Fore River Dock & Dredge, Inc. in the amount of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS together with interest, costs and attorney's fees.

## COUNT V
## TRESPASS TO LAND V. C.B. MARINE CORPORATION

27. The Plaintiff restates, realleges, and incorporates each and every item, paragraph and particular set forth in paragraphs 1 through 6 of Count I, paragraphs 7 through 13 of Count II, paragraphs 14 through 20 of Count III, and paragraphs 21 through 26 of Count IV.

28. The Plaintiffs, Keith R. Ablow , now or formerly is a resident of Plum Island Newbury, Massachusetts

29. The Defendant, C.B. Marine Corporation, is a corporation, duly organized under the laws of the State of Maine, has a principle place of business located at 446 Commercial Street in Portland Maine and regularly conducts business within the Commonwealth of Massachusetts

30. At all times relevant, the Plaintiff was the owner of real property located at 12 49th Street Plum Island in Newbury, Massachusetts

31. At all times relevant, the Defendant, C.B. Marine Corporation, owned, operated, chartered and/or controlled the Tug SEAWIND and Barge DS64 and related equipment.

32. On or about December 11, 2002, the Defendant, C.B. Marine Corporation, without lawful authority, entered upon the Plaintiff's real property located at 12 49th Street Plum Island in Newbury, Massachusetts and committed a trespass thereon when the Tug SEAWIND and Barge DS64 and related equipment grounded upon the Plaintiff's real property, thereby causing the Plaintiff to incur damages.

WHEREFORE, the Plaintiff demands judgment against the Defendant, C.B. Marine Corporation in the amount of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS together with interest, costs and attorney's fees

## COUNT VI
## TRESPASS TO LAND V. MAINE COAST MARINE CONSTRUCTION, INC.

33. The Plaintiff restates, realleges and incorporates each and every item, paragraph and particular set forth in paragraphs 1 through 6 of Count I, paragraphs 7 through 13 of Count II, paragraphs 14 through 20 of Count III, paragraphs 21 through 26 of Count IV, and paragraphs 27 through 32 of Count V.

34. The Plaintiff, Keith R. Ablow, now or formerly is a resident of Newbury, Massachusetts

35. The Defendant, Marine Coast Marine Construction, Inc., is a corporation, duly organized under the laws of the State of Maine, has a principal place of business located at 14 Ocean Street, Suite 1 in South Portland, Maine, and regularly conducts business within the Commonwealth of Massachusetts.

36. At all times relevant, the Plaintiff owned real property located at 12 49th Street Plum Island in Newbury, Massachusetts.

37. At all times relevant, the Defendant, Maine Coast Marine Construction, Inc. owned, operated, chartered and/or controlled the Tug SEAWIND and Barge DS64 and related equipment.

38. On or about December 11, 2002, the Defendant, Maine Coast Marine Construction, Inc., without lawful authority, entered upon the Plaintiff's real property located at 12 49th Street Plum Island in Newbury, Massachusetts and committed a trespass thereon when the Tug SEAWIND and Barge DS64 and related equipment became grounded on the Plaintiff's real property thereby causing the Plaintiff to incur damages.

WHEREFORE, the Plaintiff demands judgment against the Defendant Maine Coast Marine Construction, Inc. in the amount of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS together with interest, costs and attorney's fees.

## COUNT VII

NUSIANCE V. FORE RIVER DOCK & DREDGE, INC.

39. The Plaintiff restates, realleges and incorporates each and every item paragraph and particular set forth in paragraphs 1 through 6 of Count I, paragraphs 7 through 13 of Count II, paragraphs 14 through 20 of Count III, paragraphs 21 through 26 of Count IV, paragraphs 27 through 32 of Count V, and paragraphs 33 through 38 of Count VI.

40. The Plaintiff, Keith R. Ablow now or formerly is a resident of Newbury, Massachusetts.

41. The Defendant, Fore River Dock & Dredge, Inc., is a corporation, duly organized under the laws of the State of Maine, has a principal place of business located at 446 Commercial Street in Portland, Maine and regularly conducts business within the Commonwealth of Massachusetts.

42. At all times relevant, the Plaintiff was the owner of real property located at 12 49th Street Plum Island in Newbury, Massachusetts.

43. At all times relevant, the Defendant, Fore River Dock & Dredge, Inc., owned, operated, chartered, and/or controlled the Tug SEAWIND and Barge DS64 and related equipment.

44.  On or about December 11, 2002 and at various times thereafter, the Defendant, Fore River Dock & Dredge, Inc. created and maintained a nuisance on the Plaintiff's real property due to the negligent acts and omissions of Defendant Fore River Dredge & Dock, Inc., its agents servants and/or employees when the Tug SEAWIND and Barge DS64 and related equipment became grounded on the Plaintiff's property thereby causing the Plaintiff to incur damages.

WHEREFORE, the Plaintiff demands judgment against the Defendant, Fore River Dock & Dredge, Inc. in the amount of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS together with interest, costs and attorney's fees.

## COUNT VIII

### NUSIANCE V. C.B. MARINE CORPORATION

45. The Plaintiff restates, realleges and incorporates each and every item paragraph and particular set forth in paragraphs 1 through 6 of Count I, paragraphs 7 through 13 of Count II, paragraphs 14 through 20 of Count III, paragraphs 21 through 26 of Count IV, paragraphs 27 through 32 of Count V, paragraphs 33 through 38 of Count VI, and paragraphs 39 through 44 of Count VII.

46. The Plaintiff, Keith R. Ablow, now or formerly is a resident of Newbury, Massachusetts.

47. The Defendant, C.B. Marine Corporation, is a corporation, duly organized under the laws of the State of Maine, has a principal place of business located at 446 Commercial Street in Portland Maine, and regularly conducts business within the Commonwealth of Massachusetts

48. At all times relevant, the Plaintiff was the owner of real property located at 12 49th Street Plum Island in Newbury, Massachusetts.

49. At all times relevant, the Defendant, C.B. Marine Corporation, owned, operated, chartered and/or controlled the Tug SEAWIND and Barge DS64 and related equipment.

50. On or about December 11, 2002 and at various times thereafter, the Defendant, C.B. Marine Corporation, created and maintained a nuisance on the Plaintiff's real property due to the negligent acts and/or

omissions of Defendant C.B. Marine Corporation, its agents, servants and/or employees when the Tug SEAWIND and Barge DS64 and related equipment became grounded on the Plaintiff's property thereby causing the Plaintiff to incur damages.

WHEREFORE, the Plaintiff demands judgment against the Defendant, C.B. Marine Corporation, in the amount of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS together with interest, costs, and attorney's fees.

## COUNT IX

### NUSIANCE V. MAINE COAST MARINE CONSTRUCTION, INC.

51. The Plaintiff restates, realleges and incorporates each and every item paragraph and particular set forth in paragraphs 1 through 6 of Count I, paragraphs 7 through 13 of Count II, paragraphs 14 through 20 of Count III, paragraphs 21 through 26 of Count IV, paragraphs 27 through 32 of Count V, paragraphs 33 through 38 of Count VI, paragraphs 39 through 44 of Count VII and paragraphs 45 through 50 of Count VIII.

52. The Plaintiffs, Keith R. Ablow, now or formerly resides in Plum Island Newbury, Massachusetts.

53. The Defendant, Maine Coast Marine Construction, Inc. is a corporation, duly organized under the laws of the State of Maine, has a principal place of business located at 14 Ocean Street, Suite 1 in South Portland, Maine, and regularly conducts business within the Commonwealth of Massachusetts.

54. At all times relevant, the Plaintiff was the owner of real property located at 12 49th Street Plum Island in Newbury, Massachusetts.

55. At all times relevant, the Defendant Maine Coast Marine Construction, Inc. owned, operated, chartered, and/or controlled the Tug SEAWIND and Barge DS64 and related equipment.

56. On or about December 11, 2002 and at various times thereafter, the Defendant Maine Coast Marine Construction, Inc., created and maintained a nuisance on the Plaintiff's real property due to the negligent acts and omissions of Defendant Maine Coast Marine Construction, Inc., its agents, servants and/or employees when the Tug SEAWIND and Barge DS64 and related equipment became grounded on the Plaintiff's property thereby causing the Plaintiff to incur damages.

WHEREFORE the Plaintiff demands judgment against the Defendant, Maine Coast Marine Construction, Inc. in the amount of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS together with interest, costs and attorney's fees.

PLAINTIFF demands a trial by jury as to Count I, Count II, Count III, Count IV, Count V, Count VI, Count VII, Count VIII and Count IX.

Plaintiff
By his attorney

*/s/ John P. LeGrand*

John P. LeGrand
JOHN P. LEGRAND
& ASSOCIATES, P.C.
375 Broadway, Suite 2
Somerville, MA 02145
(617) 623-3001

DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) Keith Ablow v. Fore River Dock & Dredge, Inc.

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

    ___ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    ___ II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,
             740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.

    _X_ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
             315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
             380, 385, 450, 891.

    ___ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
             690, 810, 861-865, 870, 871, 875, 900.

    ___ V.   150, 152, 153.

    *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

    FILED IN CLERKS OFFICE
    2005 FEB 14 P 3:37
    U.S. DISTRICT COURT
    DISTRICT OF MASS

    05-10347 RGS

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(E)).
   _____

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?   YES ☐   NO ☒

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC 2403)   YES ☐   NO ☒
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?   YES ☐   NO ☒

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC 2284?   YES ☐   NO ☒

7. DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL SECTION OF THE DISTRICT OF MASSACHUSETTS (WORCESTER COUNTY) - (SEE LOCAL RULE 40.1(C)).   YES ☐   NO ☒
   OR IN THE WESTERN SECTION (BERKSHIRE, FRANKLIN, HAMPDEN OR HAMPSHIRE COUNTIES)? - (SEE LOCAL RULE 40.1(D)).   YES ☐   NO ☒

8. DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN SECTIONS OF THE DISTRICT?   YES ☐   NO ☒
   (a)  IF YES, IN WHICH SECTION DOES THE PLAINTIFF RESIDE? _____

9. IN WHICH SECTION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE? _____

10. IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY GOVERNMENTAL AGENCY OF THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE IN THE
    CENTRAL SECTION:  YES ☐  NO ☐      OR WESTERN SECTION;  YES ☐   NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  John P. LeGrand, Esquire
ADDRESS  375 Broadway, Suite 2  Somerville, MA 02145
TELEPHONE NO.  (617) 623-3001

(Categfrm.rev - 3/97)

```
JS 44                  Case 1:05-cv-10347-RGS   Document 1-2   Filed 02/14/2005   Page 2 of 2
(Rev. 12/96)                          CIVIL COVER SHEET
```

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

Keith R. Ablow

**DEFENDANTS**

Fore river Dock & Dredge, Inc.,
C.B. Marine Corporation and
Maine Coast Marine Construction

FILED
IN CLERKS OFFICE
2005 FEB 14
U.S. DISTRICT COURT
DISTRICT OF MASS.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

John P. LeGrand, Esquire
JOHN P. LEGRAND & ASSOCIATES, PC
375 Broadway, Suite 2
Somerville, MA 02145 (617)623-3001

ATTORNEYS (IF KNOWN)

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|   | PTF | DEF |   | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws |  | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability |  |  | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting |  | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☒ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General / ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights / ☐ 540 Mandamus & Other |  |  | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS — Third Party 26 USC 7609 |  |
|  | ☐ 555 Prison Condition |  |  |  |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Title 28 U.S.C. Sec. 1331, Title 28 U.S.C. Sec. 1332, and
Title 28 U.S.C. Sec. 1333

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23
**DEMAND $** $4,500,000.00
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions): None   JUDGE _____   DOCKET NUMBER _____

DATE 2/11/05
SIGNATURE OF ATTORNEY OF RECORD John P. [signature]

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____