UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KEITH R. ABLOW, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 05-10347-RGS |
| v. ) | |
| ) | |
| FORE RIVER DOCK & DREDGE, INC., ) | |
| a Maine corporation with a principal ) | |
| place of business in Portland, Maine, ) | |
| C.B. MARINE CORPORATION, and ) | |
| MAINE COAST MARINE ) | |
| CONSTRUCTION, a Maine corporation ) | |
| with a present or former place of business ) | |
| in South Portland, Maine, ) | |
| ) | |
| Defendants. ) | |

**ANSWER OF FORE RIVER DOCK & DREDGE, INC. TO PLAINTIFF'S COMPLAINT**

NOW COMES the defendant, Fore River Dock & Dredge, Inc. (hereinafter "Fore River") and answers the plaintiff's Complaint as follows:

**COUNT I**
**NEGLIGENCE V. FORE RIVER DOCK & DREDGE, INC.**

1. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1, and therefore denies same.

2. The defendant admits the allegations contained in Paragraph 2.

3. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3, and therefore denies same.

4. The defendant admits there was a charter involving the tug SEA WIND and the barge DS64, but denies the remaining allegations contained in Paragraph 4.

5. The defendant admits that on December 11, 2002, the Tug SEAWIND and Barge DS64 grounded, but denies the remaining allegations in Paragraph 5.

6. The defendant denies the allegations contained in Paragraph 6.

## COUNT II
## NEGLIGENCE VS. C.B. MARINE CORPORATION

7. No answer required.

8. No answer required.

9. No answer required.

10. No answer required.

11. No answer required.

12. No answer required.

13. No answer required.

## COUNT III
## NEGLIGENCE VS. MAINE COAST MARINE CONSTRUCTION, INC.

14. No answer required.

15. No answer required.

16. No answer required.

17. No answer required.

18. No answer required.

19. No answer required.

20. No answer required.

## COUNT IV
## TRESPASS TO LAND V. FORE RIVER DREDGE, INC.

21. The defendant restates, repeats and incorporates each and every item, paragraph and particular set forth above in Paragraphs One (1) through Twenty (20).

22. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22, and therefore denies same.

23. The defendant admits the allegations contained in Paragraph 23.

24. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24, and therefore denies same.

25. The defendant admits there was a charter involving the tug SEA WIND and the barge DS64, but denies the remaining allegations contained in Paragraph 25.

26. The defendant admits that on December 11, 2002, the Tug SEAWIND and Barge DS64 grounded, but denies the remaining allegations in Paragraph 26.

## COUNT V
## TRESPASS TO LAND V. C.B. MARINE CORPORATION

27. No answer required.

28. No answer required.

29. No answer required.

30. No answer required.

31. No answer required.

32. No answer required.

## COUNT VI
## TRESPASS TO LAND V. MAINE COAST MARINE CONSTRUCTION, INC.

33. No answer required.

34. No answer required.

35. No answer required.

36. No answer required.

37. No answer required.

38. No answer required.

## COUNT VII
## NUISANCE V. FORE RIVER DOCK & DREDGE, INC.

39. The defendant restates, repeats and incorporates each and every item, paragraph and particular set forth above in Paragraphs One (1) through Thirty Eight (38).

40. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40, and therefore denies same.

41. The defendant admits the allegations contained in Paragraph 41.

42. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42, and therefore denies same.

43. The defendant admits there was a charter involving the tug SEA WIND and the barge DS64, but denies the remaining allegations contained in Paragraph 43.

44. The defendant admits that on December 11, 2002, the Tug SEAWIND and Barge DS64 grounded, but denies the remaining allegations in Paragraph 44.

**COUNT VIII**
**NUISANCE V. C.B. MARINE CORPORATION**

45. No answer required.

46. No answer required.

47. No answer required.

48. No answer required.

49. No answer required.

50. No answer required.

**COUNT IX**
**NUISANCE V. MAINE COAST MARINE CONSTRUCTION, INC.**

51. No answer required.

52. No answer required.

53. No answer required.

54. No answer required.

55. No answer required.

56. No answer required.

**<u>AFFIRMATIVE DEFENSES</u>**

Now comes the Defendant and incorporates the following Affirmative Defenses into each and every COUNT contained in its Answer to Plaintiff's Complaint as follows:

AND FURTHER ANSWERING AND AS A COMPLETE AND SEPARATE DEFENSE, the Defendant states that if the Plaintiff's property was damaged as alleged, which is specifically denied, it was due in whole or in part to the Plaintiff's own negligence, failures and

breaches.

AND FURTHER ANSWERING AND AS A COMPLETE AND SEPARATE DEFENSE, the Defendant states that if the Plaintiff's property was damaged as alleged herein, which is specifically denied, it was due to the action and/or omissions of individuals for whom the Defendant is not legally responsible.

AND FURTHER ANSWERING AND AS A COMPLETE AND SEPARATE DEFENSE, the Defendant states that if the Plaintiff's property was damaged as alleged herein, which is specifically denied, said damage was sustained as a result of an Act of God, for which the Defendant is not legally responsible.

AND FURTHER ANSWERING AND AS A COMPLETE AND SEPARATE DEFENSE, the Defendant states that if the Plaintiff's property was damaged as alleged herein, which is specifically denied, said damage was sustained as a result of an intervening and/or superseding act that was not the fault or responsibility of the Defendant.

AND FURTHER ANSWERING AND AS A COMPLETE AND SEPARATE DEFENSE, the Defendant states that the Plaintiff's Complaint fails to state a cause of action upon which relief can be granted.

AND FURTHER ANSWERING AND AS A COMPLETE AND SEPARATE DEFENSE, the Defendant states that the Plaintiff's Complaint is barred by the applicable statute of limitations.

AND FURTHER ANSWERING AND AS A COMPLETE AND SEPARATE DEFENSE, the Defendant claims the benefits of limitation of liability as set forth in 46 U.S.C. Appx. § 183.

AND FURTHER ANSWERING AND AS A COMPLETE AND SEPARATE

DEFENSE, the Defendant states that the plaintiff's complaint is barred by laches.

AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE, the defendant states plaintiff was not the owner of the land or area allegedly damaged and thus cannot recover.

AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE, the defendant states that it owes no duty of care to the plaintiff because it did not exercise sufficient care, custody or control over the subject vessels.

AND FURTHER ANSWERING AND AS A COMPLETE AND SEPARATE DEFENSE, the defendant states that if the plaintiff sustained damages as alleged herein, which is specifically denied, it was due to the criminal and unlawful action and/or omissions of individuals for whom the defendant is not legally responsible.

AND FURTHER ANSWERING AND AS A COMPLETE AND SEPARATE DEFENSE, the defendant states that if the plaintiff sustained damages as alleged herein, which is specifically denied, the plaintiff has failed and refused to provide documentary proof of said damages.

AND FURTHER ANSWERING AND AS A COMPLETE AND SEPARATE DEFENSE, the defendant states that if the plaintiff sustained damages, which is specifically denied, said damages are limited by law to the value of the property.

**WHEREFORE,** the defendant Fore River prays that the above Complaint be dismissed together with costs and reasonable attorneys' fees.

The defendant claims trial by jury on all issues raised in Plaintiff s Complaint, Defendants' Answer and Affirmative Defenses.

7

        Fore River Dock and Dredge, Inc.
        By its attorneys,


        /s/ Seth S. Holbrook
        Seth S. Holbrook, BBO # 237850
        HOLBROOK & MURPHY
        150 Federal Street, 12th Floor
        Boston, MA 02110
        617-428-1151
        holbrook_murphy@msn.com

**Certificate of Service**

      I hereby certify that on July 14, 2005, I electronically filed the Defendant Fore River Dock & Dredge, Inc.'s Answer to Plaintiff's Complaint with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: John P. LeGrand, John P. LeGrand & Associates, P.C., 375 Broadway, Suite 2, Somerville, MA 02145; Mark G. Furey, Thompson, McNaboe, Ashley & Bull, 120 Exchange Street, Portland, ME 04101; Cathy Skeirik Roberts and Lisa F. Bendtson, Thompson & Bowie, LLP, Second Floor, 3 Canal Plaza, Portland, ME 04112-4630.

        /s/ Seth S. Holbrook
        Seth S. Holbrook, BBO# 237850
        HOLBROOK & MURPHY
        150 Federal Street, 12th Floor
        Boston, MA 02110
        (617) 428-1151
        holbrook_murphy@msn.com