UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| KEITH ABLOW, | ) | |
|     Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FORE RIVER DOCK & DREDGE, INC., | ) | Case No. 1:05-cv-10347-RGS |
| C-B MARINE CORPORATION and | ) | |
| MAINE COAST MARINE | ) | |
| CONSTRUCTION, | ) | |
|     Defendants | ) | |
| | ) | |
| and | ) | |
| | ) | |
| MAINE COAST MARINE | ) | |
| CONSTRUCTION, | ) | |
|     Third Party Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| GUY SPLETTSTOESSER, | ) | |
|     Third Party Defendant | ) | |

**MOTION FOR LEAVE TO STAY PROCEEDINGS PENDING RESOLUTION OF THE MATTER IN *ACADIA INSURANCE COMPANY v. MAINE COAST MARINE CONSTRUCTION AND GUY SPLETTSTOESSER,* UNITED STATES DISTRICT COURT, DISTRICT OF MAINE, CASE NO. 2:05-CV-00046-GC**.

NOW COMES Defendant Maine Coast Marine Construction, by and through counsel, Thompson & Bowie, LLP, and moves, pursuant to Rule 7 of the Federal Rules of Civil Procedure and Rule 7.1 of the Massachusetts Local Rules, for an order from this Court staying the procedure pending resolution of the declaratory judgment proceeding. Counsel for Maine Coast Marine Construction hereby certifies that counsel for the parties

have conferred and have attempted to resolve this issue but have been unable to do so. LR, D. Mass. 7.1(2).

As support for this motion, the Defendant, Maine Coast Marine Construction, Inc., relies on the pleadings and the following memorandum of law which is incorporated herein.

## Background

This case arises out of the grounding of the tugboat Sea Wind II and Barge DS-64 on the beach of Plum Island off the entrance to Newburyport Harbor, Massachusetts on December 11, 2002. The Sea Wind II and Barge DS-64 were owned by C-B Marine Corporation (hereinafter "C-B Marine") and leased to Fore River Dock & Dredge, Inc. (hereinafter referred to as "Fore River"). Fore River had hired Guy Splettstoesser to act as the captain of the Sea Wind II to move the tugboat and barge from Gloucester, Massachusetts to Newburyport, where Fore River had contracted to do some construction work. During the voyage, the tugboat and barge collided and were overset with water, resulting in the grounding.

As the result of the grounding, C-B Marine contends that the Sea Wind II sustained damages, that the barge was a complete loss, and that C-B Marine lost many construction tools, equipment, machinery and personal property that had been on board the barge for transportation to the construction site. At the time of the grounding, C-B Marine and Fore River were insured under a policy issued by American Home Assurance Company. As the result of a declaratory judgment decision rendered by the United States District Court for the District of Massachusetts on June 14, 2004, American Home paid

2

certain damages to C-B Marine and Fore River.  However, not all of the damages claimed to have been sustained by C-B Marine were covered by the terms of the policy.  Further, the District Court has left unresolved certain issues in the declaratory judgment proceeding and that matter has been administratively stayed.

American Home Assurance has brought a subrogation action against Maine Coast Marine Construction and Guy Splettstoesser arising out of this grounding.  *American Home Assurance Company v. Maine Coast Marine Construction, Inc. and Guy Splettstoesser*, United States District Court, District of Massachusetts, Case No. 1:04-cv-12597-WGY.  In this subrogation action, American Home Assurance seeks to recover the amounts it has paid to C-B Marine and Fore River for the covered damages sustained in the grounding.

In order to recover those damages that were not protected by the terms of the insurance policy, C-B Marine filed a complaint in the Maine Superior Court in Cumberland County on December 22, 2004.  *C-B Marine Corporation v. Fore River Dock & Dredge, Inc., Maine Coast Marine Construction, and Guy Splettstoesser*, Maine Superior Court, Cumberland County, Docket No. CV-04-774.  In that complaint, C-B Marine seeks recovery for the damages to the Sea Wind II, the loss of the barge and the loss of the tools and construction.  C-B Marine also seeks damages for loss of rental value, costs and expenses incurred in securing the wreck and protecting it from the public, costs of removal of the wreck, and other related expenses.  C-B Marine has brought claims of negligence and breach of contract against Fore River and a negligence claim against Guy Splettstoesser.  In addition, C-B Marine brought a claim against Maine

3

Coast Marine Construction (hereinafter referred to as "Maine Coast"), asserting that Maine Coast was the employer of Guy Splettstoesser and that therefore it was liable for Splettstoesser's alleged negligence, and also asserting breach of contract and warranty claims against Maine Coast.

Finally, Keith Ablow, in this proceeding has filed a claim against Fore River, C-B Marine and Maine Coast seeking recovery in negligence and trespass for the damages to his real and personal property that he claims to have sustained as the result of the grounding. Mr. Ablow lives in the area where the grounding occurred and contends that his property was damaged as the result of this incident.

Prior to this accident, on November 11, 2003, Guy Splettstoesser had filed a petition for relief under Chapter 7 of the Bankruptcy Court in the United States Bankruptcy Court for the District of Maine. *In the matter of Guy Splettstoesser*, United States Bankruptcy Court, District of Maine, Chapter 7, Case No. 03-21851. The Bankruptcy Court issued an order on February 9, 2004, discharging Mr. Splettstoesser from his debts and closing the case. Although the accident predated his filing, because no claims had been filed, Mr. Splettstoesser had not included C-B Marine Corporation or Fore River Dock & Dredge on his list of creditors. In order to rectify that dilemma, Mr. Splettstoesser filed a Motion to Reopen his case to file an Amended Schedule F, adding these parties along with American Home Assurance Company and Acadia Insurance Company, as additional creditors. Soon after filing this motion, Guy Splettstoesser filed a Motion for Stay of Proceedings in the *American Home Assurance* case and *C-B Marine* case, based on the fact that he had filed a petition with the bankruptcy court to reopen his

case in order to discharge the contingent debts of C.B. Marine Corporation, Fore River Dock & Dredge, Inc., American Home Assurance Company and Acadia Insurance Company[1]. Those actions have been stayed pending resolution of the bankruptcy proceeding.

The Bankruptcy Court granted the motion to reopen the bankruptcy proceedings. However, in September of 2005, the Bankruptcy Court indicated that it had closed this matter. The parties are now seeking to reopen the bankruptcy proceeding to obtain an order from the Bankruptcy Court lifting the stay to the extent that any insurance exists to satisfy the claims brought against Mr. Splettstoesser. The Bankruptcy Court has not acted on these motions on the grounds that it has closed Mr. Splettstoesser's case. Complicating this matter further, is the fact that Mr. Splettstoesser's insurance carrier is disputing coverage and has filed a declaratory judgment proceeding to this effect in the matter of *Acadia Insurance Company v. Maine Coast Marine Construction and Guy Splettstoesser*, United States District Court, District of Maine, Case No. 2:05-CV-00046-GC.

### Argument and Law

The "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. Amer. Co.*, 299 U.S. 248, 254 (1936). A typical reason for the granting of a request for stay "is the pendency of a related

---

[1] Although a potential creditor, Mr. Splettstoesser failed to identify Maine Coast in the bankruptcy proceeding as a potential creditor.

proceeding in another tribunal." *Hewlett-Packard Co. v. Berg*, 61 F.3d 101, 105 (1st Cir. 1995).

In order to resolve these related matters in the most expeditious manner possible, it is important that the status of the bankruptcy proceeding be determined and the issue of insurance coverage for Mr. Splettstoesser be resolved. Further, in order to finally resolve the matters brought both by C-B Marine and American Home Assurance Company, it is important that those related issues of insurance coverage be resolved. The parties will in all likelihood have a much greater opportunity to resolve these matters through settlement if the status of insurance coverage is resolved, the understanding of the coverage of various claims is no longer in dispute, and if the insurance carriers can be parties to the settlement negotiations with the matters of coverage completely determined.

In reaching this determination, it is important for this Court to consider that Acadia Insurance Company has filed a Motion for Summary Judgment in the declaratory judgment proceeding. The date for filing dispositive motions before the Court was set for October 5, 2005. Further, the expected trial date for this matter is set for January 9, 2006.

The Court in this proceeding has established an extended schedule for the completion of discovery and filing of dispositive motions. Mr. Ablow must answer interrogatories by January 15, 2006 and provide expert interrogatories by June 15, 2006. The parties must complete the depositions of fact witnesses by August 15, 2006 and must amend pleadings and join parties no later than October 15, 2006. Further this Court has ordered that dispositive motions must be filed by November 15, 2006, and that expert depositions must be noticed by November 2, 2006. Allowing for a stay of the

proceedings to permit the resolution of the declaratory judgment proceeding, where that matter is slated for trial in January of 2006, would, in all likelihood, not greatly affect the Court's calendar for this matter.

Therefore, in order to resolve these matters as expeditiously as possible, and without exhausting both judicial resources and the resources of the parties, it is respectfully requested that this matter be stayed pending a resolution of the matter in *Acadia Insurance Company v. Maine Coast Marine Construction and Guy Splettstoesser*, United States District Court, District of Maine, Case No. 2:05-CV-00046-GC.

Dated at Portland, Maine this 9th day of November, 2005.

/s/ *Cathy S. Roberts*
Cathy S. Roberts, Esq. (BBO#547407)
Attorney for Defendant
Maine Coast Marine Construction

THOMPSON & BOWIE, LLP
Three Canal Plaza
P.O. Box 4630
Portland, ME  04112
Phone: (207) 774-2500
Fax:    (207) 774-3591
Email: croberts@thompsonbowie.com