UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO: 05-10347-RGS

KEITH R. ABLOW,
    Plaintiff

V.

FORE RIVER DOCK & DREDGE, INC.,
C.B. MARINE CORPORATION AND
MAINE COAST MARINE CONSTRUCTION, INC.,
    Defendants

and

MAINE COAST MARINE CONSTRUCTION, INC.
    Third Party Plaintiff

V.

GUY SPLETTSTOESSER,
    Third Party Defendant

### PLAINTIFF, KEITH R. ABLOW'S LIMITED OPPOSITION TO THE DEFENDANT, MAINE COAST MARINE CONSTRUCTION, INC.'S MOTION TO ALLOW DEFENDANT'S COUNSEL TO WITHDRAW

NOW COMES the plaintiff, Keith R. Ablow and states his limited opposition to defendant, Maine Coast Marine Construction, Inc.'s Motion to Withdraw as Counsel for the Defendant, Maine Coast Marine Construction, Inc.

As grounds therefore, plaintiff states that the plaintiff, Keith R. Ablow's case arises out of an incident in which a tug boat piloted by an employee of Maine Coast Marine Construction, Inc. ran aground on the property of the plaintiff, Keith R. Ablow while towing a large barge with a crane on that barge. After substantial effort, the tug boat was removed from the plaintiff's property, as was the crane. The barge was cut up into pieces on the plaintiff's property and taken away. At all times from the time that the vessel, barge and crane ran aground up to the present and continuing there has been ongoing debris on the plaintiff's property from the grounding and the dismantling of the barge, cutting said barge up piece by piece, on the plaintiff's property.

The defendant, Marine Coast Marine Construction, Inc. has seemingly denied that it authorized its captain, Guy Splettstoesser, to perform the towing operation at the time that the tug, barge and crane ran aground. The plaintiff has no direct claim against the captain, Guy Splettstoesser, who has filed bankruptcy. This office, on behalf of Keith R. Ablow, was not involved in any other lawsuits filed in the State of Maine or the Commonwealth of Massachusetts regarding Maine Coast Marine Construction, Inc. with respect to its' involvement in the grounding.

With respect to the defendant, Maine Coast Marine Construction, Inc.'s instant motion, in Paragraph 9 defense counsel states "Opposing counsel in this lawsuit do not object to withdrawal of the undersigned." That is simply not so as plaintiff, Keith R. Ablow wishes to have this Honorable Court consider his Limited Opposition to the Defendant's Motion to Withdraw.

As grounds therefore, the plaintiff, Keith R. Ablow, states that in this action Maine Coast Marine Construction, Inc. is a Maine Corporation and one of the defendants against whom suit has been filed and said complaint has been answered. Interrogatories and Request for Production of Documents have been served upon Maine Coast Marine Construction, Inc. by plaintiff's counsel and have not yet been answered or responded to. Maine Coast Marine Construction, Inc. is a Maine Corporation and if this Honorable Court allows defense counsel to withdraw at this point in time there will be no attorney of record to act on behalf of the Maine Coast Marine Construction, Inc. entity. It is requested by the plaintiff that defense counsel not be allowed to withdraw their appearance until Maine Coast Marine Construction, Inc. has new counsel enter an appearance on behalf of that entity, to wit: the defendant, Maine Coast Marine Construction, Inc.

In Paragraph 4 of the Defendant's Memorandum to Withdraw the defendant states that "The undersigned have contacted their client, Maine Coast Marine Construction, Inc. through its' agent James LaPlante and his counsel in the declaratory judgment action, Nicholas Walsh, Esq., and informed them of the fact that Acadia is no longer providing a defense in the three lawsuits referenced above."

Plaintiff's Limited Opposition to the instant motion requests that defense counsel presently appearing on behalf of Maine Coast Marine Construction, Inc. be denied withdrawal from the instant action until successor counsel for Maine Coast Marine Construction, Inc., which may well be Nicholas Walsh, Esquire as identified in Paragraph 4, enters an appearance so that there will not be a void in legal representation with respect to the corporate entity, Maine Coast Marine Construction, Inc.

Accordingly, plaintiff's states its' limited opposition requesting that this Honorable Court denies the Defendant's Motion to Withdraw as Counsel until new counsel enters an appearance on behalf of the defendant corporation, Maine Coast Marine Construction, Inc.

Respectfully submitted,

/s/ John P. LeGrand

John P. LeGrand
JOHN P. LEGRAND & ASSOCAITES, P.C.
375 Broadway, Suite 2
Somerville, MA 02145
(617) 623-3001
BBO No: 550185

**CERTIFICATE OF SERVICE**

I, John P. LeGrand, Esquire, attorney for the plaintiff, Keith R. Ablow, hereby certify that we made service of the foregoing document titled "Plaintiff, Keith R. Ablow's Limited Opposition to the Defendant, Maine Coast Marine Construction, Inc.'s Motion to Allow Defendant's Counsel to Withdraw" with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to the following:

Seth Holbrook, Esquire
Holbrook & Murphy
150 Federal Street, 12th Floor
Boston, MA 02110

Mark G. Furey, Esquire
Thompson, Bull, Furey, Bass & MacColl
120 Exchange Street
P.O. Box 447
Portland, ME 04112-0447

Cathy S. Roberts, Esquire
Thompson & Bowie, LLP
3 Canal Plaza
P.O. Box 4630
Portland, ME 04112-4630

Michael S. Orsi, Esquire
DONNELLY, CONROY & GELHAAR
One Beacon Street, 33rd Floor
Boston, MA 02108

/s/ John P. LeGrand

John P. LeGrand