UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KEITH ABLOW,           ) | |
|     Plaintiff           ) | |
| v.           ) | |
| FORE RIVER DOCK & DREDGE, INC.,           ) | |
| C-B MARINE CORPORATION and           ) | |
| MAINE COAST MARINE           ) | |
| CONSTRUCTION,           ) | Case No. 1:05-cv-10347-RGS |
|     Defendants           ) | |
|     ) | |
| and           ) | |
|     ) | |
| MAINE COAST MARINE           ) | |
| CONSTRUCTION,           ) | |
|     Third Party Plaintiff           ) | |
| v.           ) | |
| GUY SPLETTSTOESSER,           ) | |
|     Third Party Defendant           ) | |

**MOTION FOR ENLARGEMENT OF TIME FOR
DEFENDANTS TO DESIGNATE EXPERTS**

NOW COMES Defendant Maine Coast Marine Construction, through undersigned counsel, and moves this Court for an enlargement of time from May 20, 2007 to June 20, 2007, for Defendants to designate expert witnesses. This motion is made pursuant to Local Rules 7.1(A)(2) and 37.1 and is based on the following grounds:

1. Plaintiff Keith Ablow is the owner of beachfront property on Plum Island, in Newbury, Massachusetts. The Complaint alleges that in December 2002 a tugboat and barge owned and operated by either Defendant C-B Marine Corporation, Defendant Fore River Dock & Dredge, Inc., or Defendant Maine Coast Marine Construction grounded on Ablow's premises as a result of the negligent acts of the above named Defendants.

Counts of negligence, trespass to land and nuisance are alleged against the three named Defendants. Plaintiff claims diminution in value of his property due to the ongoing presence of debris associated with the grounding. Plaintiff alleges that after the grounding metal pieces from the barge continued to appear on his beach. In support for his claim for damages, Plaintiff alleges it will cost him several hundred thousand dollars to clean the debris from his beach. As a result of Plaintiff's Complaint, Maine Coast Marine Construction filed a Third Party Complaint against the tug driver, Guy Splettstoesser.

2. At the January 2007 status conference, this Court ordered Plaintiff to designate experts by March 20, 2007; Defendants' expert designation deadline was set for May 20, 2007.

3. In response to this Order Plaintiff designated nine expert witnesses. This designation was received by undersigned counsel on March 23, 2007. Despite the requirement under Rule 26(a)(2) of the Federal Rules of Civil Procedure, Plaintiff's designation is vague and fails to fill the basic requirement regarding notice. Specifically, Plaintiff's designation does not identify the issues, grounds or opinions that each expert will testify in regards to.

4. In an attempt to further understand Plaintiff's designation, undersigned counsel attempted in a good faith effort to resolve this dispute with two letters and numerous telephone calls. Despite undersigned counsel's efforts to narrow the issues presented by this dispute Plaintiff failed to respond to the requests for a more complete designations and to clarify the issues that each expert would be called to testify to.

Plaintiff's failure to respond to these repeated requests has limited Defendants' ability to timely designate its own experts.

5.      Because of Plaintiff's vague designation, Defendants request additional time in which to designate their own expert witnesses.  The requested enlargement would enable the parties to complete discovery and be ready for the trial scheduled to begin on September 17, 2007.  All Defendants join in this motion.  Plaintiff's counsel objects.

WHEREFORE, it is respectfully requested that this Court schedule this matter for a discovery conference in order to resolve the issues presented by Plaintiff's expert designation or, in the alternative, if this Court decides no conference is needed to order the Plaintiff to supplement and narrow his expert witness list by May 25, 2007 as required by Rule 26(a)(2) of the Federal Rules of Civil Procedure, and amend the Scheduling Order to enlarge the time for Defendants to designate experts from May 20, 2007 to June 20, 2007.

Dated at Portland, Maine, this 17th day of May, 2007.

                                                                        */s/ Cathy S. Roberts*
                                                                        Cathy S. Roberts, Esq. (BBO#547407)
                                                                        Attorney for Defendant Maine Coast
                                                                        Marine Construction

THOMPSON & BOWIE, LLP
Three Canal Plaza
P.O. Box 4630
Portland, ME  04112
Phone: (207) 774-2500
Fax:  (207) 774-3591
Email:  croberts@thompsonbowie.com

## CERTIFICATE OF SERVICE

I, Cathy S. Roberts, attorney for Defendant Maine Coast Marine Construction, hereby certify that I made service of the foregoing document titled: "Motion for Enlargement of Time for Defendants to Designate Experts" with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to the following:

> John P. LeGrand, Esq.
> Robert J. Murphy, Esq.
> Mark G. Furey, Esq.
> Aaron K. Baltes, Esq.
> Michael S. D'Orsi, Esq.
> T. Christopher Donnelly, Esq.

Dated at Portland, Maine this 17th day of May, 2007.

>     */s/ Cathy S. Roberts*
>     Cathy S. Roberts, Esq. (BBO#547407)
>     Attorney for Defendant Maine Coast
>     Marine Construction

THOMPSON & BOWIE, LLP
Three Canal Plaza
P.O. Box 4630
Portland, ME  04112
Phone: (207) 774-2500
Fax:  (207) 774-3591
283\1\9138\p-motionforenlargement.doc