UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-CV-10347-RGS

KEITH ABLOW

v.

FORE RIVER DOCK & DREDGE, INC.,
C-B MARINE CORP., and MAINE COAST CONSTRUCTION

V.

GUY SPLETTSTOESSER

ORDER TO SHOW CAUSE

July 2, 2007

STEARNS, D.J.

On June 22, 2007, Maine Coast Construction (Maine) filed a motion requesting that the court impose sanctions on plaintiff Keith Ablow for failing to comply with the Court's May 21, 2007 Order. In opposition, Ablow argues that the court's May 21, 2007 Order was directed solely to Maine and was otherwise not his concern.

The dispute is straightforward. On May 17, 2007, Maine filed a motion for an enlargement of time to designate its expert witnesses, arguing that Ablow's expert disclosures had failed to comply with Fed. R. Civ. P. 26(a)(2). After detailing the shortcomings in Ablow's designations, Maine requested that Ablow be ordered "to supplement and narrow his expert witness list by May 25, 2007, as required by Rule 26(a)(2) of the Federal Rules of Civil Procedure, and amend the Scheduling Order to

enlarge the time for Defendants to designate experts from May 20, 2007 to June 20, 2007." On May 21, 2007, the court allowed Maine's motion.

Ablow argues that in allowing the motion, which was captioned "Motion for Enlargement of Time for Defendants to Designate Experts," the court's reference to Ablow's duty under Rule 26 was merely "dicta." Ablow's position is contrary to the plain language of the order set out in Maine's motion, which was adopted by the court. Ablow will have twenty-one days from the date of this Order to show cause why the court should not impose sanctions for his failure to supplement and narrow his expert witness disclosures by the May 25, 2007 deadline ordered by the court.

        SO ORDERED.

        /s/ Richard G. Stearns

        _____

        UNITED STATES DISTRICT JUDGE