UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| KEITH ABLOW, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FORE RIVER DOCK & DREDGE, | ) | |
| INC. & C-B MARINE CORPORATION | ) | |
| | ) | Case No. 1:05-CV-10347-RGS |
| Defendants | ) | |
| | ) | |
| and | ) | |
| | ) | |
| MAINE COAST MARINE | ) | |
| CONSTRUCTION, | ) | |
| | ) | |
| Third-Party Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| GUY SPLETTSTOESSER | ) | |
| | ) | |
| Third-Party Defendant | ) | |

**GUY SPLETTSTOESSER'S MOTION FOR SUMMARY JUDGMENT**

**REQUEST FOR ORAL ARGUMENT**

NOW COMES Third-Party Defendant Guy Splettstoesser and pursuant to Fed.R.Civ.P. 7(b) & 56 hereby moves for summary judgment on the Complaint and Third-Party Complaint in this matter.

## BACKGROUND

**Factual Background**

This case arises out of the grounding of a tugboat and barge on Plum Island in Newbury, Massachusetts on December 11, 2002. The Plaintiff owns or owned land near where the grounding occurred. The owner of the tugboat and barge is C.B. Marine Corporation ("C-B"). The lessor of the tugboat and barge at the time of the grounding was Fore River Dock & Dredge, Inc. ("Fore River")   Maine Coast Marine Construction ("Maine Coast") is alleged to have provided a captain to Fore River for the voyage that resulted in the grounding. Guy Splettstoesser was a part-owner and employee of Maine Coast and was the captain of the tugboat during the voyage that resulted in the grounding.

**Procedural Background**

The Plaintiff's Complaint names C.B., Fore River and Maine Coast as defendants. The Complaint asserts claims of (1) Negligence, (2) Trespass to Land, and (3) Private Nuisance. Maine Coast named Captain Splettstoesser as a Third-Party Defendant, asserting claims of contribution and indemnification for any judgment entered against Maine Coast on the Plaintiff's Complaint. Accordingly, if the Plaintiff has no viable claim against Maine Coast, then Captain Splettstoesser is entitled to summary judgment on the contribution and indemnification claims asserted by Maine Coast.

**MEMORANDUM OF LAW**

I. **THE PLAINTIFF CANNOT PROVE NEGLIGENCE AGAINST MAINE COAST AND CAPTAIN SPLETTSTOESSER WITHOUT A LIABILITY EXPERT.**

Recognizing the need to have a liability expert to prove Captain Splettstoesser's negligence in piloting the vessels, the Plaintiff initially designated Captain Brian Fournier as an expert to testify about the operation of the tugboat in this case. By order dated July 20, 2007, this Court granted Maine Coast's Motion for Sanctions and prohibited the Plaintiff from designating a number of experts, including Captain Fournier.

In the absence of expert testimony, the Plaintiff cannot prove his negligence claim against Maine Coast and Captain Splettstoesser. For matters that lie outside the "common knowledge" of a factfinder, a plaintiff "must present expert testimony as to the standard of care and its breach[.]" Primus v. Galgano, 329 F.3d 236, 241 (1st Cir. 2003). As the Third Circuit has noted, decisions by a tugboat captain at sea are "beyond the common knowledge possessed by the members of the jury" because such "decisions require a knowledge of the navigation and operation of an ocean going tug and barge in bad weather." Wilburn v. Maritrans GP, Inc., 139 F.3d 350, 361 (3rd Cir. 1998). Because the Plaintiff has no liability expert, he cannot prove his negligence claim and Captain Splettstoesser is entitled to summary judgment on the negligence claim and the

related contribution and indemnification claims pleaded in the Complaint and Third-Party Complaint.

## II. THERE IS NO EVIDENCE OF TRESPASS OR INTENT TO TRESPASS.

The trespass claim does not fit the undisputed facts of this case. Under Massachusetts law, "a trespass is an unprivileged, intentional intrusion on land in possession of another." Alphagary v. Gitto, 22 Mass.L.Rptr. 489 (Mass. Super., May 21, 2007).

First, there is no evidence that Captain Splettstoesser ever entered the land of the Plaintiff. Although the Plaintiff was under the impression that he owned the beach when this lawsuit was filed, it is now undisputed that the Plaintiff's boundary ends well above the high tide line. Further, it is undisputed that the tugboat and barge were grounded below the high tide line. Accordingly, there is no evidence that an entry on the land of the Plaintiff has occurred.

Second, even if the vessels did ground on the Plaintiff's land, there is no evidence that Captain Splettstoesser <u>intended</u> to enter the land of the Plaintiff. The undisputed evidence demonstrates that Captain Splettstoesser and his crew anchored the vessels off the beach and they subsequently broke free of their anchors and grounded onto the beach. Based on this undisputed evidence, the requisite *mens rea* for the intentional tort of trespass is lacking. In fact, the record shows that Captain Splettstoesser and his crew did everything they reasonably could to prevent the vessels from beaching.

For the foregoing reasons, Captain Splettstoesser is entitled to summary judgment on the trespass claim and the related contribution and indemnification claims pleaded in the Complaint and Third-Party Complaint.

### III. SUMMARY JUDGMENT IS APPROPRIATE ON THE NUISANCE CLAIM AGAINST CAPTAIN SPLETTSTOESSER.

The Plaintiff has failed to state a valid claim for nuisance in his Complaint. The Complaint alleges that a nuisance was created when the tugboat and barge "grounded on the Plaintiff's property." Complaint ¶ 56. This does not state a claim for nuisance. "[T]he law of nuisance requires two separate and distinct parcels, one on which a nuisance exists and one on which the occupants are burdened with the nuisance." McEneaney v. Chestnut Hill Realty Corp., 650 N.E.2d 93, 97 (Mass. App. Ct. 1995). Because the Complaint fails to state a valid claim for nuisance, summary judgment in favor of Captain Splettstoesser on that claim is appropriate.

Further, Captain Splettstoesser does not own or possess the land where the tugboat and barge grounded. As the court noted in Asiala v. Town of Fitchburg, 505 N.E.2d 575, 577 (Mass. App. Ct. 1987) (emphasis added):

> A private nuisance is actionable when a property owner creates, permits, or maintains a condition or activity on his property that causes a substantial and unreasonable interference with the use and enjoyment of the property of another.

Captain Splettstoesser does not own or possess the beach where the grounding took place, and therefore cannot be held liable on a nuisance theory. Accordingly, summary judgment should be granted to on the nuisance claim and the related

5

contribution and indemnification claims pleaded in the Complaint and Third-Party Complaint.

      Dated at Portland, Maine, this 10th day of August, 2007.

                         GUY SPLETTSTOESSER

                         By his attorneys,

                         NORMAN, HANSON & DETROY, LLC

                         By:   /s/ Aaron K. Baltes
                              Aaron K. Baltes, Esquire
                              Attorney for Third-Party Defendant
                              Guy Splettstoesser

415 Congress Street
P.O. Box 4600
Portland, ME 04112
207-774-7000
abaltes@nhdlaw.com

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Certificate of Service

I hereby certify at on August 10, 2007, I electronically filed Defendant's Guy Splettstoesser's Motion for Summary Judgment, Statement of Material Facts and Motion for Bench Trial with the Clerk of Court using the Cm/ECF system which will send notification of such filing(s) to, among others, the following:

Robert Murphy, Esq.
Mark G. Furey, Esq.
Cathy S. Robert, Esq.
John P. LeGrand, Esq.

In addition, I hereby certify that counsel has conferred and attempted in good faith to resolve or narrow the above-argued issues.

/s/ Peter J. DeTroy ~ Bar No. 402
/s/ Aaron K. Baltes ~ Bar No.  8754
Norman, Hanson & DeTroy, LLC
PO Box 4600
415 Congress Street
Portland, ME  04112
(207)774-7000
pdetroy@nhdlaw.com
abaltes@nhdlaw.com