UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KEITH ABLOW, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | |
| ) | |
| FORE RIVER DOCK & DREDGE, ) | |
| INC. & C-B MARINE CORPORATION ) | Case No. 1:05-CV-10347-RGS |
| ) | |
| Defendants ) | |
| ) | |
| and ) | |
| ) | |
| MAINE COAST MARINE ) | |
| CONSTRUCTION, ) | |
| ) | |
| Third-Party Plaintiff ) | |
| ) | |
| v. ) | |
| ) | |
| GUY SPLETTSTOESSER ) | |
| ) | |
| Third-Party Defendant ) | |

## GUY SPLETTSTOESSER'S MOTION FOR BENCH TRIAL

## REQUEST FOR ORAL ARGUMENT

NOW COMES Third-Party Defendant Guy Splettstoesser and pursuant to Fed.R.Civ.P. 7(b), 9(h) & 38(e) hereby moves for a bench trial in this matter.

### BACKGROUND

**Factual Background**

This case arises out of the grounding of a tugboat and barge in or around Newbury, Massachusetts on December 11, 2002. The Plaintiff owns or owned

land near where the grounding occurred. The owner of the tugboat and barge is C.B. Marine Corporation. The lessor of the tugboat and barge at the time of the grounding was Fore River Dock & Dredge, Inc. Maine Coast Marine Construction is alleged to have provided a captain to Fore River Dock & Dredge, Inc. for the voyage that resulted in the grounding. Guy Splettstoesser was a part-owner and employee of Maine Coast Marine Construction and was the captain of the tugboat at the time of the grounding.

**Procedural Background**

The Plaintiff's Complaint names C.B. Marine Corporation, Fore River Dock & Dredge, Inc. and Maine Coast Marine Construction as defendants. Maine Coast Marine Construction named Guy Splettstoesser as a Third-Party Defendant.

The Complaint asserts claims of (1) Negligence, (2) Trespass, and (3) Nuisance and mentions diversity of citizenship jurisdiction and federal question jurisdiction. In addition, the Complaint invokes this Court's admiralty jurisdiction by stating in a jurisdictional preamble that "this is a case of admiralty and maritime jurisdiction" and citing the admiralty and maritime jurisdictional statute, 28 U.S.C. § 1333. <u>Complaint</u>, preamble.

<u>**MEMORANDUM OF LAW**</u>

**THE PLAINTIFF WAIVED HIS RIGHT TO A JURY TRIAL BY IDENTIFYING HIS CASE AS AN ADMIRALTY AND MARITIME CASE.**

Fed.R.Civ.P. 9(h) authorizes a pleader setting forth a claim for relief within the admiralty and maritime jurisdiction to identify the claim as such. The Plaintiff

identified his case as such by stating that "this is a case of admiralty and maritime jurisdiction." Complaint, preamble.

Generally, there is no right to a jury trial for admiralty and maritime cases. See Fed.R.Civ.P. 38(e); La Vengeance, 3 U.S. 297 (1796). The U.S. Constitution enshrines the right to trial by jury only to "suits at common law[.]" U.S. Const. amend. VII; Waring v. Clarke, 46 U.S. 441, 460 (1847). Although there are certain limited exceptions for admiralty cases involving Great Lakes shipping, Jones Act claims, or *in personaum* admiralty claims filed in state court, none of these exceptions apply to this case. Having invoked this Court's admiralty jurisdiction and identified his lawsuit as a "case of admiralty and maritime jurisdiction," Complaint, preamble, the Plaintiff has waived any right to a jury trial.

Accordingly, Third-Party Defendant Guy Splettstoesser moves for an order that the trial scheduled to commence September 17, 2007, will be a bench trial.

Dated at Portland, Maine, this 10th day of August, 2007.

>GUY SPLETTSTOESSER
>
>By his attorneys,
>
>NORMAN, HANSON & DETROY, LLC
>
>By:   /s/ Aaron K. Baltes
>       Aaron K. Baltes, Esquire
>       Attorney for Third-Party Defendant
>       Guy Splettstoesser

415 Congress Street

P.O. Box 4600
Portland, ME 04112
207-774-7000
abaltes@nhdlaw.com