UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


C.A. NO: 05-10347-RGS


KEITH R. ABLOW,
        Plaintiff

V.

FORE RIVER DOCK & DREDGE, INC.,
C.B. MARINE CORPORATION AND
MAINE COAST MARINE CONSTRUCTION, INC.,
        Defendants

## PLAINTIFF'S OPPOSITION TO GUY SPLETTSTOESSER'S MOTION FOR BENCH TRIAL

Now comes the plaintiff, Keith Ablow and pursuant to Rule 38 and 39 of

the Fed. R. Civ. P. and the Seventh Amendment to the Constitution of the United

States hereby opposes Third-Party Defendant's Motion, as the claims asserted

by the plaintiff entitle him to a trial by jury.


## BACKGROUND


The plaintiff's complaint sets forth in a section entitled Jurisdiction:


Whereas diversity of citizenship exists

between the Plaintiff and Defendant and

this is a case of admiralty and maritime

jurisdiction. Jurisdiction for this action is

founded upon Title 28 U.S.C. Section 1331.

Title 28 U.S.C. Section 1332, and Title 28

U.S.C. Section 1333. Damages are likely

to exceed $100,000.00.

In the ad damnum section of the complaint, the plaintiff clearly demands a

trial by jury as to all counts in the complaint. Plaintiff's complaint attached as

Exhibit 1.

The issue presented by the Motion and Opposition is whether the

plaintiff's claims are wholly controlled by admiralty jurisdiction. Fed. R. Civ. P. 38

(a) provides that "the right of trial by jury as declared by the Seventh Amendment

to the Constitution or as given by a statute of the United States shall be

preserved to the parties inviolate." Once a jury demand is made, all parties must

agree to its withdrawal. Condoria Company, Inc. v. Anthony Panek 115 F3d 67,

69 (1st Cir. 1997). In the instant case, a jury demand has also been made by the

plaintiff, Fore River Dock & Dredge, Inc., Maine Coast Marine Construction, as

well as the moving party Guy Splettstoesser, representing a jury demand having

been made in the instant action by all parties herein except C.B. Marine

Corporation. No party has consented to the withdrawal of the right to trial by jury.

**ARGUMENT**

A demand for a jury trial binds the District Court to Federal Rule of civil Procedure 39 and the entitlement to a jury trial unless the plaintiff is not entitled to a jury trial according to the Constitution or the laws of the United States. South Port Marine, LLC v. Gulf Oil Limited Partnership, et al 234 F3d 58, 62 (1st Cir. 2000).

Although the moving party is correct that a jury trial may not be available in a purely admiralty and maritime case, the "[t]rial court must, whenever possible, strive to preserve the right to a trial by jury." Koch Fuels, Inc. v. Cargo of 13,000 Barrels of No. 2 Oil, 704 F2d 1040, 1042 (8th Cir. 1983).

In the case of mixed admiralty and jury trial claims, the Court has the discretion to try all claims to a jury. Beacon Theaters, Inc. v. Westover 359 U.S. 500, 510 (1959) The plaintiff has "clearly stated" common law claims in the complaint and has preserved the right to a trial by jury. In the instant case it is alleged that the grounding of the Seawind and DS-64 has caused damage to the plaintiff's land and surrounding areas. The negligence, nuisance and trespass claims have caused diminution of the plaintiff's property value. Torts which occur on land are not within the admiralty jurisdiction of this Honorable Court. Admiralty jurisdiction does not apply to "injuries inflicted by a vessel upon a bridge, its protective pilings, and the adjacent dock, stating that the bridges, shore docks,

protective pilings, piers, etc. pertained to the land." Cleveland S.S. Co. 208 U.S.

316, 321 (1908). A tort which injures the plaintiff's land, is not wholly on

navigable waters and is an action at law and not of admiralty. South Port Marine

@ 64.

For admiralty jurisdiction to apply in tort actions, the tort must have

occurred on navigable waters and bear a significant relation to maritime

activities. A tort occurs where the negligence takes effect, not where the

negligence takes place. Executive Jet Aviations, Inc. v. City of Cleveland, 409

U.S. 249, 268 (1972).

In the instant case, all of plaintiffs stated causes of action are land based

claims. The negligence, nuisance and trespass are all common land claims

which occurred on land.

Although the plaintiff may have mistakenly inserted a preamble alleging

admiralty jurisdiction, this does not constitute a waiver of his right to a jury trial.

An important factor of whether admiralty jurisdiction exists if whether the plaintiff

has demanded a jury trial. A jury demand "is inconsistent with an intent to

proceed in admiralty." Lewis v. United States, 812 F. Supp. 620, 628 (E.D. Va.

1993). A complaint which asserts both admiralty and diversity jurisdiction is an

inadequate designation to invoke admiralty procedure Concordia Company, Inc.

v. Anthony Panek 115 F3d 67, 72 (1st Cir. 1997)

## **CONCLUSION**

It is clear that the plaintiff's mention of admiralty jurisdiction does not constitute a waiver of his right to trial by jury. Dr. Ablow's complaint clearly sets forth other jurisdiction than admiralty, and the claims he has set forth are all common law claims. The plaintiff respectfully requests that the Motion for a Bench Trial be denied.

Respectfully Submitted,
Plaintiff by his attorney

/s/ John P. LeGrand

_____
John P. LeGrand
John P. LeGrand & Associates, P.C.
375 Broadway, Suite 2
Somerville, MA 02145
617-623-3001
BBO # 550185

Dated: August 21, 2007

**CERTIFICATION OF SERVICE**

I, John P. LeGrand, attorney for the plaintiff certify that on the 21st day of August, 2007 I made service of the foregoing document titled;" Plaintiff's Opposition to Guy Splettstoesser's Motion for Bench Trial" with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to the following:

Cathy S. Roberts, Esquire
Robert J. Murphy, Esquire
Mark G. Furey, Esquire
Aaron K. Baltes, Esquire
Michael S. D'Orsi, Esquire
T. Christopher Donnelly, Esquire

/s/ John P. LeGrand
John P. LeGrand, Esquire

FILED
IN CLERKS OFFICE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS 14 P 3: 36

C.A. NO.:

KEITH R. ABLOW **05 C 1 0 3 4 7 RGS**
    Plaintiff

**MAGISTRATE JUDGE**

V.

FORE RIVER DOCK & DREDGE, INC.,
C.B. MARINE CORPORATION, AND
MAINE COAST MARINE CONSTRUCTION, INC.
    Defendants

RECEIPT # _____
AMOUNT $ _____
SUMMONS ISSUED _____
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY CLK _____

## JURISDICTION

Whereas diversity of citizenship exists between the Plaintiff and

Defendant and this is a case of admiralty and maritime jurisdiction,

jurisdiction for this action is founded upon Title 28 U.S.C. Section 1331,

Title 28 U.S.C. Section 1332, and Title 28 U.S.C. Section 1333. Damages

are likely to exceed $100,000.00.

## PLAINTIFF'S COMPLAINT

### COUNT I
### NEGLIGENCE V. FORE RIVER DOCK & DREDGE, INC.

1. The Plaintiff, Keith R. Ablow, now or formerly is a resident of Plum

Island, Newbury, Massachusetts.

2. The Defendant, Fore River Dock & Dredge, Inc. is a corporation, duly

organized under the laws of the State of Maine, has a principle place of

business located at 446 Commercial Street in Portland, Maine, and

regularly conducts business within the Commonwealth of Massachusetts.

3.  At all times relevant the Plaintiff was the owner of the property located at 12 49th Street Plum Island in Newbury, Massachusetts.

4.  At all times relevant the Defendant, Fore River Dock & Dredge, Inc., owned, operated, chartered and/or controlled the Tug SEAWIND and Barege DS64 and related equipment.

5.  On or about December 11, 2002, the Tug SEAWIND and Barge DS64 and related equipment grounded on the Plaintiff's premises located at 12 49th Street in Newbury, Massachusetts as a result of the negligent acts and/or omissions of Defendant Fore River Dock & Dredge, Inc., its agents, servants, and/or employees.

6.  As a result of the negligence of Defendant Fore River Dock & Dredge, Inc., the Plaintiff sustained severe damage to his property, has suffered a loss of the use and enjoyment of said property, and has incurred other consequential damages as will be shown at the time of trial.

WHEREFORE, the Plaintiff demands judgment against Defendant Fore River Dock & Dredge, Inc. in the amount of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS together with interest, costs and attorney's fees.

COUNT II
NEGLIGENCE VS. C.B. MARINE CORPORATION

7.      The Plaintiff restates, realleges and incorporates each and every item, paragraph and particular set forth in paragraphs 1 through 6 of Count I.

8.      The Plaintiff, Keith R. Ablow, now or formerly is a resident of Plum Island, Newbury, Massachusetts.

9.      The Defendant, C.B. Marine Corporation is a corporation, duly organized under the laws of the State of Maine, has a principle place of business located at 446 Commercial Street in Portland, Maine and regularly conducts business within the Commonwealth of Massachusetts.

10.     At all times relevant the Plaintiff was the owner of real property located at 12 49th Street Plum Island in Newbury , Massachusetts.

11.     At all times relevant, the Defendant, C.B. Marine Corporation, owned, operated, chartered and/or controlled the Tug SEAWIND and Barge DS64 and related equipment.

12.     On or about December 11, 2002, the Tug SEAWIND and Barge DS64 grounded on the Plaintiff's premises located at 12 49th Street Plum Island in Newbury, Massachusetts as a result of the negligent acts and/or omissions of Defendant C.B. Marine Corporation, its agents, servants and/or employees.

13.    As a result of the negligence of Defendant C.B. Marine
Corporation the Plaintiff sustained severe damage to his property, has
suffered a loss of the use and enjoyment of said property, and has incurred
other consequential damages as will be shown at the time of trial.

WHEREFORE, the Plaintiff demands judgment against Defendant C.B.
Marine Corporation in the amount of FIVE HUNDRED THOUSAND
($500,000.00) DOLLARS together with interest and costs.

COUNT III
NEGLIGENCE V. MAINE COAST MARINE CONSTRUCTION, INC.

14.    The Plaintiff restates realleges and incorporates
each and every item, paragraph and particular set forth in paragraphs 1
through 6 of Count I and paragraphs 7 through 13 of Count II

15.    The Plaintiff, Keith R. Ablow now or formerly is a resident of
Plum Island  Newbury, Massachusetts.

16.    The Defendant, Maine Coast Marine Construction, Inc. is a
corporation, duly organized under the laws of the State of Maine, has a
principal place of business located at 14 Ocean Street, Suite 1 in South
Portland, Maine and regularly conducts business within the
Commonwealth of Massachusetts.

17.    At all times relevant, the Plaintiff owned real property located at
12 49th Street Plum Island in Newbury, Massachusetts.

18.    At all times relevant, the Defendant, Maine Coast Marine Construction, Inc. owned, operated, chartered and/or controlled the Tug SEAWIND and Barge DS64 and related equipment.

19.    On or about December 11, 2002, the Tug SEAWIND and Barge DS64 and related equipment grounded on the Plaintiff's property located at 12 49th Street Plum Island in Newbury, Massachusetts as a result of the negligent acts and/or omissions of the Defendant Maine Coast Marine Construction, Inc., its agents, servants and/or employees.

20.    As a result of the negligence of Defendant Maine Coast Marine Construction, Inc., the Plaintiff sustained severe damage to his property, has suffered a loss of the use and enjoyment of said property, and has incurred other consequential damages as will be shown at the time of trial.

WHEREFORE the Plaintiff demands judgment against the Defendant Maine Coast Marine Construction, Inc. in the amount of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS together with interest, costs and attorney's fees.

COUNT IV<br>
TRESPASS TO LAND V. FORE RIVER DREDGE, INC.

21.    The Plaintiff restates, realleges and incorporates each and every item, paragraph and particular set forth in paragraphs 1 through 6 of Count I, paragraphs 7 through 13 of Count II, and paragraphs 14 through 20 of Count III.

22.    The Plaintiff Keith R. Ablow now or formerly is a resident of Plum Island Newbury, Massachusetts.

23.    The Defendant, Fore River Dock & Dredge, Inc. is a corporation, duly organized under the laws of the State of Maine, has a usual place of business located at 446 Commercial Street in Portland Maine, and regularly conducts business within the Commonwealth of Massachusetts.

24.    At all times relevant, the Plaintiff owned real property located at 12 49th Street Plum Island in Newbury, Massachusetts

25.    At all times relevant, the Defendant, Fore River Dock & Dredge, Inc., owned, operated chartered and/or controlled the Tug SEAWIND and Barge DS64 and related equipment.

26.    On or about December 11, 2002, the Defendant, Fore River Dock & Dredge, Inc., without lawful authority, entered upon the Plaintiffs real property located at in Newbury, Massachusetts and committed a trespass thereon when the Tug SEAWIND and Barge DS64 and related equipment became grounded on the Plaintiff's real property, thereby causing the Plaintiff to incur damages.


WHEREFORE, the Plaintiff demands judgment against the Defendant Fore River Dock & Dredge, Inc. in the amount of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS together with interest, costs and attorney's fees.

## COUNT V
## TRESPASS TO LAND V. C.B. MARINE CORPORATION

27.     The Plaintiff restates, realleges, and incorporates each and every item, paragraph and particular set forth in paragraphs 1 through 6 of Count I, paragraphs 7 through 13 of Count II, paragraphs 14 through 20 of Count III, and paragraphs 21 through 26 of Count IV.

28.     The Plaintiffs, Keith R. Ablow , now or formerly is a resident of Plum Island  Newbury, Massachusetts

29.     The Defendant, C.B. Marine Corporation, is a corporation, duly organized under the laws of the State of Maine, has a principle place of business located at 446 Commercial Street in Portland Maine and regularly conducts business within the Commonwealth of Massachusetts

30.     At all times relevant, the Plaintiff was the owner of real property located at 12 49th Street Plum Island in Newbury, Massachusetts

31.     At all times relevant, the Defendant, C.B. Marine Corporation, owned, operated, chartered and/or controlled the Tug SEAWIND and Barge DS64 and related equipment.

32.    On or about December 11, 2002, the Defendant, C.B. Marine

Corporation, without lawful authority, entered upon the Plaintiff's real

property located at 12 49th Street Plum Island in Newbury, Massachusetts

and committed a trespass thereon when the Tug SEAWIND and Barge

DS64 and related equipment grounded upon the Plaintiff's real property,

thereby causing the Plaintiff to incur damages.


WHEREFORE, the Plaintiff demands judgment against the Defendant,

C.B. Marine Corporation in the amount of FIVE HUNDERED

THOUSAND ($500,000.00) DOLLARS together with interest, costs and

attorney's fees

## COUNT VI
### TRESPASS TO LAND V. MAINE COAST MARINE CONSTRUCTION, INC.

33.    The Plaintiff restates, realleges and incorporates each and every

item, paragraph and particular set forth in paragraphs 1 through 6 of Count

I, paragraphs 7 through 13 of Count II, paragraphs 14 through 20 of Count

III, paragraphs 21 through 26 of Count IV, and paragraphs 27 through 32

of Count V.

34.    The Plaintiff, Keith R. Ablow, now or formerly is a resident of

Newbury, Massachusetts

35. The Defendant, Marine Coast Marine Construction, Inc., is a corporation, duly organized under the laws of the State of Maine, has a principal place of business located at 14 Ocean Street, Suite 1 in South Portland, Maine, and regularly conducts business within the Commonwealth of Massachusetts.

36. At all times relevant, the Plaintiff owned real property located at 12 49th Street Plum Island in Newbury, Massachusetts.

37. At all times relevant, the Defendant, Maine Coast Marine Construction, Inc. owned, operated, chartered and/or controlled the Tug SEAWIND and Barge DS64 and related equipment.

38. On or about December 11, 2002, the Defendant, Maine Coast Marine Construction, Inc., without lawful authority, entered upon the Plaintiff's real property located at 12 49th Street Plum Island in Newbury, Massachusetts and committed a trespass thereon when the Tug SEAWIND and Barge DS64 and related equipment became grounded on the Plaintiff's real property thereby causing the Plaintiff to incur damages.

WHEREFORE, the Plaintiff demands judgment against the Defendant Maine Coast Marine Construction, Inc. in the amount of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS together with interest, costs and attorney's fees.

COUNT VII

NUSIANCE V. FORE RIVER DOCK & DREDGE, INC.

39.     The Plaintiff restates, realleges and incorporates each and every item paragraph and particular set forth in paragraphs 1 through 6 of Count I, paragraphs 7 through 13 of Count II, paragraphs 14 through 20 of Count III, paragraphs 21 through 26 of Count IV, paragraphs 27 through 32 of Count V, and paragraphs 33 through 38 of Count VI.

40.     The Plaintiff, Keith R. Ablow now or formerly is a resident of Newbury, Massachusetts.

41.     The Defendant, Fore River Dock & Dredge, Inc., is a corporation, duly organized under the laws of the State of Maine, has a principal place of business located at 446 Commercial Street in Portland, Maine and regularly conducts business within the Commonwealth of Massachusetts.

42.     At all times relevant, the Plaintiff was the owner of real property located at 12 49th Street Plum Island in Newbury, Massachusetts.

43.     At all times relevant, the Defendant, Fore River Dock & Dredge, Inc., owned, operated, chartered, and/or controlled the Tug SEAWIND and Barge DS64 and related equipment.

44.     On or about December 11, 2002 and at various times thereafter, the Defendant, Fore River Dock & Dredge, Inc. created and maintained a nuisance on the Plaintiff's real property due to the negligent acts and omissions of Defendant Fore River Dredge & Dock, Inc., its agents servants and/or employees when the Tug SEAWIND and Barge DS64 and related equipment became grounded on the Plaintiff's property thereby causing the Plaintiff to incur damages.


WHEREFORE, the Plaintiff demands judgment against the Defendant, Fore River Dock & Dredge, Inc. in the amount of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS together with interest, costs and attorney's fees.

COUNT VIII

NUSIANCE V. C.B. MARINE CORPORATION

45.    The Plaintiff restates, realleges and incorporates each and every item paragraph and particular set forth in paragraphs 1 through 6 of Count I, paragraphs 7 through 13 of Count II, paragraphs 14 through 20 of Count III, paragraphs 21 through 26 of Count IV, paragraphs 27 through 32 of Count V, paragraphs 33 through 38 of Count VI, and paragraphs 39 through 44 of Count VII.

46.    The Plaintiff, Keith R. Ablow, now or formerly is a resident of Newbury, Massachusetts.

47.    The Defendant, C.B. Marine Corporation, is a corporation, duly organized under the laws of the State of Maine, has a principal place of business located at 446 Commercial Street in Portland Maine, and regularly conducts business within the Commonwealth of Massachusetts

48.    At all times relevant, the Plaintiff was the owner of real property located at 12 49th Street Plum Island in Newbury, Massachusetts.

49.    At all times relevant, the Defendant, C.B. Marine Corporation, owned, operated, chartered and/or controlled the Tug SEAWIND and Barge DS64 and related equipment.

50.    On or about December 11, 2002 and at various times thereafter, the Defendant, C.B. Marine Corporation, created and maintained a nuisance on the Plaintiff's real property due to the negligent acts and/or

omissions of Defendant C.B. Marine Corporation, its agents, servants and/or employees when the Tug SEAWIND and Barge DS64 and related equipment became grounded on the Plaintiff's property thereby causing the Plaintiff to incur damages.

WHEREFORE, the Plaintiff demands judgment against the Defendant, C.B. Marine Corporation, in the amount of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS together with interest, costs, and attorney's fees.

## COUNT IX

### NUSIANCE V. MAINE COAST MARINE CONSTRUCTION, INC.

51.     The Plaintiff restates, realleges and incorporates each and every item paragraph and particular set forth in paragraphs 1 through 6 of Count I, paragraphs 7 through 13 of Count II, paragraphs 14 through 20 of Count III, paragraphs 21 through 26 of Count IV, paragraphs 27 through 32 of Count V, paragraphs 33 through 38 of Count VI, paragraphs 39 through 44 of Count VII and paragraphs 45 through 50 of Count VIII.

52.     The Plaintiffs, Keith R. Ablow, now or formerly resides in Plum Island  Newbury, Massachusetts.

53.     The Defendant, Maine Coast Marine Construction, Inc. is a
corporation, duly organized under the laws of the State of Maine, has a
principal place of business located at 14 Ocean Street, Suite 1 in South
Portland, Maine, and regularly conducts business within the
Commonwealth of Massachusetts.

54.     At all times relevant, the Plaintiff was the owner of real property
located at 12 49th Street Plum Island in Newbury, Massachusetts.

55.     At all times relevant, the Defendant Maine Coast Marine
Construction, Inc. owned, operated, chartered, and/or controlled the Tug
SEAWIND and Barge DS64 and related equipment.

56.     On or about December 11, 2002 and at various times thereafter, the
Defendant Maine Coast Marine Construction, Inc., created and maintained
a nuisance on the Plaintiff's real property due to the negligent acts and
omissions of Defendant Maine Coast Marine Construction, Inc., its agents,
servants and/or employees when the Tug SEAWIND and Barge DS64 and
related equipment became grounded on the Plaintiff's property thereby
causing the Plaintiff to incur damages.

WHEREFORE the Plaintiff demands judgment against the Defendant,

Maine Coast Marine Construction, Inc. in the amount of FIVE

HUNDRED THOUSAND ($500,000.00) DOLLARS together with

interest, costs and attorney's fees.


PLAINTIFF demands a trial by jury as to Count I, Count II, Count III,

Count IV, Count V, Count VI, Count VII, Count VIII and Count IX.


Plaintiff
By his attorney

John P. LeGrand
JOHN P. LEGRAND
& ASSOCIATES, P.C.
375 Broadway, Suite 2
Somerville, MA 02145
(617) 623-3001