UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO: 05-10347-RGS

KEITH R. ABLOW,
    Plaintiff

V.

FORE RIVER DOCK & DREDGE, INC.,
C.B. MARINE CORPORATION AND
MAINE COAST MARINE CONSTRUCTION, INC.,
    Defendants

**PLAINTIFF'S OPPOSITION TO MAINE COAST MARINE CONSTRUCTION'S MOTION IN LIMINE TO EXCLUDE COAST GUARD REPORT**

**INTRODUCTION**

The plaintiff states that the Coast Guard report was issued pursuant to 46 C.F.R. 4.05 rather than 46 U.S.C. § 6301, and is therefore admissible under 803 (8)(c).

In 1996, 46 U.S.C. § 6308 was enacted. 46 U.S.C. § 6308 states regarding the admissibility of documents produced in the course of the Coast Guard Investigation:

> "Notwithstanding any other provisions of law,
> no part of a report of a marine casualty investigation
> conducted under § 6301 of this title, including findings
> of fact, opinions, recommendations, deliberations or
> conclusions, shall be admissible as evidence or subject
> to discovery, in any civil or administrative proceeding

1

> other than administrative proceedings initiated by the
> United States…."

As the parties agree that the Coast Guard report was issued pursuant to 46 C.F.R. 4.05 rather than 46 U.S.C. § 6301, the exclusionary language of 46 U.S.C. § 6308 does not control. The parties agree, therefore, that Fed. R. of Evid. 803 (8)(c) is at issue:

The plaintiff believes that the facts of this case are similar to these presented in <u>Union Pacific Railroad Company v. Kirby Inland Marine, Inc., of Mississippi,</u> 296 F3d 671 (8th Cir. 2002). In <u>Union Pacific</u>, Kirby Marine was the owner and operator of the M/V Miss Dixie. On May 5, 1996 the M/V allided with a stationary object, namely a bridge. In the Union Pacific case as in the case at bar, the Coast Guard findings are trustworthy because "they are based on factual investigation, and they are directly revelant to the issues…"Id @ 679.

In <u>Beech Aircraft Corp. v. Rainey</u>, 488 U.S. 153, 170 the Supreme Court held that opinions, conclusions as well as fact finding is admissible under Rule 803 (8)(c).

Maine Coast Marine bears the burden of demonstrating the Coast Guard's report is untrustworthy. <u>Union Pacific</u> @ 679. When considering the trustworthiness of a report, the Court should look to reliability rather than credibility.  <u>Union Pacific</u> @ 679. "The Rule 803 trustworthiness requirement, therefore, means that the trial court is to determine primarily whether the report was compiled in a way that indicates its conclusions can be relied upon." Id @ 679.

The Coast Guard report issued in the instant case meets the trustworthiness test. The Coast Guard is not a party to the action. The redactions in the report do not render it unreliable. The Coast Guard is charged with

investigating accidents involving vessels. There is a strong presumption that the document is reliable as it was issued pursuant to statute after thorough investigation by those charges with responsibility for promoting life and property at sea.

For the foregoing reasons, the U.S.C.G. report should be admitted into evidence in its entirety or in the alternative with the admission of factual findings only excluding conclusions which fix liability.

All attached hand written statements provided to the U.S. Coast Guard in that report by the Captain Guy Splettstoesser and all Fore River Dock & Dredge employees who were onboard at the grounding and rescue should be either allowed into evidence or be available for use on cross-examination of those witnesses at the time of trial.

Wherefore, the plaintiff states that Maine Coast Marine has not carried its burden of proving the Coast Guard report untrustworthy. The report is reliable and unbiased and will greatly aid the jury at the trial of this action.

        Respectfully Submitted,
        Plaintiff by his attorney

        /s/ John P. LeGrand
        _____
        John P. LeGrand
        John P. LeGrand & Associates, P.C.
        375 Broadway, Suite 2
        Somerville, MA 02145
        617-623-3001
        BBO # 550185

Dated: August 21, 2007

## **CERTIFICATION OF SERVICE**

I, John P. LeGrand, attorney for the plaintiff certify that on the 21st day of August, 2007 I made service of the foregoing document titled;" Plaintiff's Opposition to Maine Coast Marine Construction's Motion in Limine to Exclude Coast Guard Report" with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to the following:

>Cathy S. Roberts, Esquire
>Robert J. Murphy, Esquire
>Mark G. Furey, Esquire
>Aaron K. Baltes, Esquire
>Michael S. D'Orsi, Esquire
>T. Christopher Donnelly, Esquire

>/s/ John P. LeGrand
>John P. LeGrand, Esquire