UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO: 05-10347-RGS

KEITH R. ABLOW,
    Plaintiff

V.

FORE RIVER DOCK & DREDGE, INC.,
C.B. MARINE CORPORATION AND
MAINE COAST MARINE CONSTRUCTION, INC.,
    Defendants

## PLAINTIFF'S STATEMENT OF GENUINE MATERIAL FACT IN OPPOSITION TO C.B. MARINE CORPORATION'S MOTION FOR SUMMARY JUDGMENT

For the purpose of this Motion, the plaintiff hereby states his agreement or disagreement with C.B. Marine Corporation's Statement of Material Fact as follows:

1. Agreed.

2. Agreed.

3. Disagree – The plaintiff alleges that debris from the Tug Seawind and Barge DS64 and from the crane and other equipment owned by C.B. Marine fouled both his and adjacent property causing damage and diminution of the value of this real estate.

4. Agree.

5. Agree.

6. Agree.

7. Agree.

8. Agree.

9. Agree.
10. Agree

11. Agree other than its non-delegable duty to provide competent crew.

12. Agree.

13. Disagree – C.B. Marine was ordered by the Town of Newbury to remove the barge from the grounding site.

## PLAINTIFF KEITH ABLOW'S FURTHER STATEMENT OF GENUINE MATERIAL FACT

1. On or about February 6, 2003, the Town of Newbury demanded C.B. Marine remove the barge DS64 from the barrier beach. Exhibit 1.

2. C.B. Marine Corporation did not dispute ownership of the barge DS64.

3. C.B. Marine Corporation did not dispute it had a responsibility to remove the barge DS64.

4. C.B. Marine Corporation did not inform the Town of Newbury it was the demise charterer of the DS64.

5.  The plaintiff alleges that C.B. Marine Corporation as owner had a duty to remove the barge DS64 so as to not contaminate Dr. Ablow's property and adjacent areas.

6.  C.B. Marine Corporation entered into an agreement for the Seawind to be removed from the beach.

    No-Cure No Removal Agreement Exhibit 2.

        Respectfully Submitted,
        Plaintiff by his attorney

        /s/ John P. LeGrand

        _____
        John P. LeGrand
        John P. LeGrand & Associates, P.C.
        375 Broadway, Suite 2
        Somerville, MA 02145
        617-623-3001
        BBO # 550185

Dated: August 23, 2007

## CERTIFICATION OF SERVICE

      I, John P. LeGrand, attorney for the plaintiff certify that on the 23rd day of August, 2007 I made service of the foregoing document titled;" Plaintiff's Statement of Genuine Material Fact in Opposition to C.B. Marine Corporation's Motion for Summary Judgment" with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to the following:

Cathy S. Roberts, Esquire<br>
Robert J. Murphy, Esquire<br>
Mark G. Furey, Esquire<br>
Aaron K. Baltes, Esquire<br>
Michael S. D'Orsi, Esquire<br>
T. Christopher Donnelly, Esquire

/s/ John P. LeGrand<br>
John P. LeGrand, Esquire

TOWN OF NEWBURY
Office of
The Conservation Commission
Newbury, Ma. 01951-4799

C-B Marine Corporation
446 Commercial St.
Portland, ME. 04101

February 6, 2003

Dear Sirs,

On or about Dec. 11, 2002, the barge "DS-64" with its cargo "(barge)" stranded on Plum Island, Newbury, Massachusetts. On December 12 2002, The Newbury Conservation Commission ordered the removal of the wrecked barge "DS-64' and the tugboat Seawind. The tugboat has been retrieved and the barge remains. The Commission is again demanding the removal of the barge and its contents from the barrier beach. It remains a threat to the health, safety, and welfare of the citizens of the Commonwealth of Massachusetts. The fact that two months have passed is making it harder to justify our original decision to allow the barges removal under Emergency Certification. The Commission members may require the filing of a Notice of Intent and receipt of an Order of Conditions before proceeding as time does not seem to be of the essence. This would increase costs. If an additional incentive is needed, The Wetlands Bylaws of the Town of Newbury gives the Commission the authority to assess fines of up to $300.00 per violation, per day. We have no real interest in delay, only in seeing removal of this obstruction. Our next regularly scheduled meeting will held on Feb.18, 2003. I would encourage you to attend and inform us of your intentions, as debate on the above items will occur.

Regards,

Douglas Packer
Conservation Agent

CC: Marine Safety Consultants Inc.

CC: Al Marine Adjusters, Inc.

TOWN OF NEWBURY
Office of
The Conservation Commission
Newbury, Ma. 01951-4799

December 12, 2002

Fore River Dock & Dredge, Inc.
440 Commercial St.
Portland, Maine 04101

The Town of Newbury Conservation Commission orders the Fore River Dock & Dredge Inc. of 446 Commercial St. Portland Me. To remove the wrecked Barge DS-64 and the tugboat "Seawind" It is the Boards opinion that the vessels pose a possible threat to the safety, of the citizens of the Commonwealth of Massachusetts.

Respectfully;

Douglas Packer
Conservation Agent

**COPY**

## NO-CURE, NO-PAY REMOVAL AGREEMENT

AGREEMENT made this __ th day of December, 2002, by and between C.B. MARINE CONSTRUCTION CORP., a Maine corporation with a place of business in Portland, County of Cumberland, State of Maine, ("C.B."), and FORE RIVER DOCK & DREDGE COMPANY ("Fore River"), a Maine corporation, with a place of business in Portland, County of Cumberland, State of Maine.

WHEREAS, C.B. is the owner of the Tug SEAWIND II (ME-4104B) (hereinafter the "Vessel") which grounded on the beach at Plum Island, Newbury, Massachusetts on the 11th day of December, 2002; and

WHEREAS, Fore River is in the business of marine salvage and removal; and

WHEREAS, the parties hereto are desirous of entering into an Agreement for the purpose of removing the Vessel from the beach at Plum Island;

NOW THEREFORE, it is hereby agreed as follows:

1. Fore River shall use its best efforts to re-float the Vessel. A successful removal shall be deemed to mean that Fore River shall float and remove the Vessel from the beach, stabilize the Vessel, and then tow her to a port of safe refuge (all of which is hereinafter referred to as "The Removal Operation").

2. Upon completion of the Removal Operation as provided for in Paragraph 1, C.B., through the underwriters for the Vessel, shall pay Fore River the sum of TWENTY THOUSAND DOLLARS (USD $20,000) for the successful performance of the obligations contained in Paragraph 1 hereof, such payment to be made within ten (10) days of such successful completion. If any delay takes place in the payment of the remuneration provided herein after the same becomes due and owing, the parties specifically agree that interest shall be payable on the amount

unpaid at the rate of fifteen per cent (15%) per annum from such date until full payment is finally made.

Fore River further agrees to undertake remediation of the beach from which the Vessel is removed pursuant to the Removal Plan approved by the Town of Newbury, the United States Coast Guard and the underwriters for the Vessel. The parties hereto specifically agree that such remediation shall be not be part of this Agreement, and shall be undertaken, to the extent necessary, in the Spring of 2003. Prior to commencement of such remediation, the parties shall negotiate an agreement outlining the measures necessary for the remediation of the beach in question to the satisfaction of the Town of Newbury, and the costs associated therewith.

3.  Fore River shall not receive any remuneration whatsoever in the event the Removal Operation provided for in Paragraph 1 hereof is unsuccessful. In the event that the Removal Operation is unsuccessful, Fore River shall have no obligation with regard to remediation of the beach as more fully set forth in Paragraph 2 above.

4.  The payment provided for in Paragraph 2 above is to include the provision and cost of all necessary equipment and services, including without prejudice to the generality of the foregoing provision, and without imposing any obligation to use such equipment, of an appropriate towing vessel or vessels, sand moving equipment, compressors, cranes, cordage, warps, and other necessary equipment to arrive at a successful conclusion of the services to be performed by Fore River under this Agreement. It is agreed and understood that the method of removal which is to be used is at Fore River's sole discretion.

5.  All services to be provided hereunder by Fore River shall be at Fore River's entire risk and expense and under no circumstances whatsoever shall C.B. be liable for any loss of life or injury to any person engaged in the Removal Operation provided for by this Agreement, or any property used, or to be used, in conjunction with such Removal Operation.

6.  The duration of this Agreement is to be thirty (30) days from the date of commencement of the Removal Operation. Should the Removal Operation extend beyond thirty (30) days, then either party shall have the option to reconsider the viability of removal and to cancel the Agreement without any financial obligation to Fore River. Said thirty (30) days shall not include any days when Fore River is unable to conduct removal operations due to weather, acts of God, or other causes beyond its control.

7. Fore River expressly undertakes with C.B.:

(a) That it will not allow the Tug SEAWIND II or any other vessels or equipment engaged in the Removal Operation to become a further danger or further obstruction to navigation than the Vessel currently is, nor further liable to be proceeded against by an authority whether such authority has wreck removal powers or otherwise;

(b) The parties hereto expressly agree that Fore River, should the removal be unsuccessful, shall have no further obligation to the Vessel or C.B., other than to stabilize the Vessel in her then current location.

(c) Notwithstanding Paragraphs 7 (a)&(b) above, C.B. acknowledges that Fore River shall have no liability, whether before, during or after the Removal Operation, for any pollution charges, fines, penalties, or claims, whether for the discharge of oil, or otherwise, arising out of the Removal Operation.

(d) Fore River agrees to abide by any orders or directives from representatives of the on-site local, state and federal agencies relating to the removal of the Tug SEAWIND II, and to abide by the Removal Plan approved by said agencies.

8. It is expressly agreed and declared that the total liability of C.B. to Fore River for, or in respect of, any matter arising out of or in connection with this Agreement shall be the sum of TWENTY THOUSAND DOLLARS (USD $20,000), and such sum is only to be payable on the successful completion of the Removal Operation provided in Paragraph 1 hereof.

9. This Agreement shall be interpreted in accordance with the laws of the United States and/or the State of Maine, as applicable.

10. Should the parties hereto be unable to reconcile any differences that may arise with respect to the interpretation or enforcement of this vessel Removal Agreement, the parties hereto agree that the dispute shall be submitted to arbitration pursuant to the United States Arbitration Act, 9 U.S.C. §§1-14, as amended. Such disputes shall be referred to three arbitrators experienced in maritime matters, one to be chosen by each of the aforesaid parties and the third by the two so chosen. A decision in writing in accordance with applicable law, signed by any two of the said arbitrators, shall be final and binding upon both the parties hereto, the expense in connection with such arbitration to be equally divided between them. Any such arbitration shall take place in the District of Maine.

Fore River/SEAWIND II
no cure, no pay
1/15/03

3

11.   C.B. hereby covenants and warrants that there are no other agreements, contracts, or understandings currently outstanding, in force or effect, regarding the removal of the Tug SEA WIND.

Witness: *[signature]*

C.B. Marine Construction Corp.
By: *[signature]*
Roger P. Hale, its President

Witness: *[signature]*

Fore River Dock & Dredge Company
By: *[signature]*
Roger A. Hale, its President

## PAYMENT GUARANTY

AMERICAN HOME ASSURANCE COMPANY, a corporation duly organized and existing pursuant to the laws of the State of New York, with its principal place of business at 70 Pine St., New York, NY 10270, in consideration of Fore River's agreement to undertake the attempted removal of the Tug SEA WIND II, as set forth above, hereby guarantees those payments, within the attendant time frames, set forth in Paragraph 2 of the above No-Cure/No-Pay Removal Agreement.

Dated: December 20, 2002

Witness:
*[signature]* Matthew Davis

AMERICAN HOME ASSURANCE COMPANY
By: *[signature]* Christine Crawford
Assistant Vice President
AI Marine Adjusters, Inc.
as agent

Fore River/SEA WIND II
no cure, no pay
12/19/02