UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KEITH ABLOW,              ) | |
|                                  ) | |
|     Plaintiff             ) | |
|                                  ) | |
| v.                            ) | Case No. 1:05-cv-10347-RGS |
|                                  ) | |
| FORE RIVER DOCK & DREDGE, INC.,   ) | |
| C-B MARINE CORPORATION and        ) | |
| MAINE COAST MARINE                ) | |
| CONSTRUCTION,                     ) | |
|                                  ) | |
|     Defendants            ) | |

**DEFENDANT MAINE COAST MARINE CONSTRUCTION'S RESPONSE TO GUY SPLETTSTOESSER'S MOTION FOR SUMMARY JUDGMENT**

Defendant and Third Party Plaintiff Maine Coast Marine Construction concurs with both the legal arguments and the Statement of Material Facts set forth in Guy Splettstoesser's Motion for Summary Judgment. The factual background and procedural background set forth on Page 2 of Guy Splettstoesser's Motion for Summary Judgment is accurate. Guy Splettstoesser's Motion asserts that the Plaintiff has no viable claim against Maine Coast Marine Construction under any of the three theories Plaintiff Keith Ablow has alleged in his Complaint: negligence, trespass to land, and private nuisance.

Maine Coast Marine Construction continues to maintain that Guy Splettstoesser was not acting on behalf of Maine Coast Marine Construction at the time of the grounding, but rather was "moonlighting". Guy Splettstoesser's Motion for Summary Judgment does not address this issue, but cuts right to the heart of Plaintiff's Complaint.

Maine Coast Marine Construction concurs with Splettstoesser that the Plaintiff can not prove negligence against Maine Coast and Captain Splettstoesser without a liability expert. The case most directly on point is indeed *Wilburn v. Maritrans GP*, 139 F.3d 350 (3rd Cir. 1998), in which the Third Circuit examined the issue of when expert evidence is needed in the context of a Jones Act negligence claim.

In the *Wilburn* case, an employee sued an employer for injuries he sustained when he was swept overboard in a storm. At trial, the district court excluded the employee's witness and granted judgment, as a matter of law in the employer's favor finding that the employee needed expert witnesses to recover under the Jones Act and general maritime law because the facts and circumstances of the case were beyond the common knowledge and experience of the jurors.

On appeal, the employer argued that the incident involved complex, technical, and specialized areas of maritime experience and practice, knowledge of vessel characteristics and functions, ocean-going navigation, vessel handling, sea going operations and procedures, and safety at sea, all areas about which a jury must have guidance on before it can make a determination. The Third Circuit held that the district court lacked the power to sanction the employee by excluding his witnesses and that the employer was not entitled to judgment as a matter of law because the employee was not required to produce an expert witness regarding one of the employee's theories of negligence, that being that a jury did not require expert testimony in order to understand that the only reason why the employee was on the deck of the tug, and consequently in a

position where he could get washed overboard by a wave, was because he was ordered to haul the line on board the tug during a violent storm that was producing enormous waves.

However, the Third Circuit was persuaded that the question of whether the captain was negligent in failing to change course and maneuver the vessels shoreward or in his decision not to leave the notch earlier was beyond the common knowledge possessed by the members of the jury.  The Third Circuit noted that these decisions require knowledge of navigation and operation of an ocean going tug and barge in bad weather.  Although the court determined expert testimony was not required to support the employee's theory that the employer was liable for negligence because the line was released from the barge, the verdict could not stand because the court concluded that the question whether any of the captain's navigational decisions were negligent was outside the common knowledge of the jury.

Expert testimony would be necessary, the *Wilburn* Court stated, on some theories advanced by the Plaintiff, namely, that the Captain was negligent in not leaving earlier, or in failing to change course earlier.  Just as in the *Wilburn* case, Captain Splettstoesser's navigational decisions both before and during the voyage between Gloucester and Newburyport can not be assessed without expert testimony.

Maine Coast Marine urges the Court to grant Guy Splettstoesser's Motion for Summary Judgment with respect to the negligence claim asserted by Plaintiffs in their Complaint thereby making this ruling the "law of the case".  Law of the case principles are "a matter of practice that rests on good sense and the desire to protect both court and parties against the burdens of repeated re-argument by indefatigable diehards."

18 Wright & Miller, Federal Practice and Procedure: §4478, pp. 789-790 (1981). "The doctrine is not an inexorable command that rigidly binds a court to its former decisions, but rather is an expression of good sense and wise judicial practice." *Carpa, Inc. v. Ward Foods, Inc.*, C.A. 5th, 1978, 567 F.2d 1316, 1320.

Maine Coast Marine Construction concurs that there is no evidence of trespass or intent to trespass in this case. Finally, Maine Coast joins in Splettstoesser's Motion for Summary Judgment on the nuisance claim on the grounds set forth therein.

WHEREFORE, the three arguments raised in Splettstoesser's Motion for Summary Judgment are adopted by Maine Coast Marine and accordingly, summary judgment should be entered on all three claims asserted in the Plaintiff's Complaint. However, if the Court denies Splettstoesser's motion with regard to any one of the three original claims, Guy Splettstoesser must remain in the case as a Third Party Defendant on the claims of indemnification and contribution asserted by Third Party Plaintiff Maine Coast Marine.

Dated at Portland, Maine this 24th day of August, 2007.

                                                */s/ Cathy Skeirik Roberts*
                                                Cathy Skeirik Roberts, Esq.
                                                (BBO#547407)
                                                Attorney for Defendant Maine Coast Marine Construction

THOMPSON & BOWIE, LLP
Three Canal Plaza
P.O. Box 4630
Portland, ME 04112
Phone:(207) 774-2500
Fax:   (207) 774-3591

## CERTIFICATE OF SERVICE

I, Cathy S. Roberts, attorney for Defendant Maine Coast Marine Construction, hereby certify that I made service of the foregoing document titled: "Response to Guy Splettstoesser's Motion for Summary Judgment" with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to the following:

John P. LeGrand, Esq.
Robert J. Murphy, Esq.
Mark G. Furey, Esq.
Aaron K. Baltes, Esq.
Michael S. D'Orsi, Esq.

Dated at Portland, Maine this 24th day of August, 2007.

/s/ Cathy S. Roberts
Cathy Skeirik Roberts, Esq.
(BBO#547407)
Attorney for Defendant Maine Coast Marine Construction

THOMPSON & BOWIE, LLP
Three Canal Plaza
P.O. Box 4630
Portland, ME  04112
Phone: (207) 774-2500
Fax:  (207) 774-3591

\\tbfs2\data\DOCS\283\1\9138\p-Response to splet MSJ.doc