UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KEITH ABLOW,<br>    Plaintiff | )<br>)<br>) |
| v. | )<br>) |
| FORE RIVER DOCK & DREDGE, INC., C-B MARINE CORPORATION and MAINE COAST MARINE CONSTRUCTION,<br>    Defendants | )<br>)<br>)<br>)<br>) |
| and | )<br>) |
| MAINE COAST MARINE CONSTRUCTION,<br>    Third Party Plaintiff | )<br>)<br>)<br>) |
| v. | )<br>) |
| GUY SPLETTSTOESSER,<br>    Third Party Defendant | )<br>)<br>) |

Case No. 1:05-cv-10347-RGS

**DEFENDANT MAINE COAST MARINE CONSTRUCTION'S OBJECTION TO THIRD-PARTY DEFENDANT'S MOTION TO STRIKE JURY DEMAND AND FOR BENCH TRIAL**

While the Seventh Amendment does not require jury trials in admiralty cases, neither that amendment, nor any other provision of the Constitution, forbids jury trials in cases involving admiralty issues. *Fitzgerald v. United States Line Company*, 374 U.S. 16, 20 (1963). The saving to suitors clause establishes the right of a party to choose whether to proceed in the court's admiralty jurisdiction or general civil jurisdiction when both admiralty and diversity jurisdiction exist. *Atlantic and Gulf Stevedores, Inc. v. Ellerman Lines, Ltd.,* 369 U.S. 335, 359-360 (1962); *Koch Fuels, Inc. v. Cargo of 13,000 Barrels of No. 2 Oil*, 704 F.2d 1038, 1041 (8th Cir. 1983). Under the court's general civil

jurisdiction, parties are entitled to a right to a jury even when addressing admiralty claims. *Windsor Mount Joy Mutual Insurance Company v. Johnson*, 264 F.Supp. 2d 158, 162 (N.J. 2003); *Sphere Drake Insurance v. J. Shree Corporation*, 184 F.R.D. 258, 261 n. 5 (S.D. N.Y. 1999).

There is no question that diversity jurisdiction exists in this case and throughout this litigation the parties have understood that they were proceeding under the court's general civil jurisdiction which entitled them to seek a trial by jury. "When a claim sounds both in admiralty and in common law, a plaintiff can preserve his right to a jury by following certain procedures." *Concordia Company, Inc. v. Panek*, 115 F.3d 67, 70 (1st Cir. 1997).

In his Complaint, while the Plaintiff did mention the admiralty jurisdiction of the court, he did not invoke Rule 9(h) of the Federal Rules of Civil Procedure. Rule 9(h) is an "'identification mechanism'" whereby the plaintiff can designate his claim as an admiralty or maritime claim, and enjoy the particular benefits available to such claims even after the merger of all claims formerly cognizable as claims at law or in equity or in admiralty into the 'civil action.'" *In re Armatur, S.A.*, 710 F. Supp. 404, 405 (D. P.R. 1989). Thus, Rule 9(h) is a procedural mechanism by which the Plaintiff, whose claim is cognizable either as maritime or common law, can identify his claim as an admiralty claim and therefore obtain the procedural benefits available under admiralty jurisdiction. *Carey v. Bahama Curise Lines*, 864 F.2d 201, 206 (1st. Cir. 1988)[1].

The Plaintiff did not invoke the court's admiralty jurisdiction through mention of Rule 9(h) in his Complaint, nor did he identify this matter as an admiralty proceeding for

---

[1] The decision to proceed under the court's general civil jurisdiction does not affect the application of maritime law as the substantive law of the case. *Id* at. 207.

the purposes of Rule 14(c) and 38(e), as set forth in Rule 9(h).  Rather, while he mentioned the admiralty jurisdiction, perhaps inadvertently, he indicated that he was proceeding under the court's general civil jurisdiction.  Perhaps more importantly, in the *ad damnum* to the Complaint, Dr. Ablow sought a jury trial.  Demanding a jury trial is in direct contradiction of an intention to proceed under the admiralty jurisdiction of the court.

Moreover, the Defendants, Fore River Dock & Dredge, Inc. and Maine Coast Marine Construction similarly demanded a jury trial in their answers to the Plaintiff's Complaint as did Guy Splettstoesser in his response to the Third Party Complaint.  Therefore, throughout this litigation, all of the parties have been proceeding as if this action were before the court pursuant to its general civil jurisdiction and have understood that this matter would be tried before a jury.  All of the conduct of the Plaintiff and the parties have indicated that the Plaintiff did not advance his claim as one under admiralty but rather under the general civil jurisdiction of the court.

## CONCLUSION

Because the Plaintiff did not proceed in admiralty but rather proceeded under the Court's general civil jurisdiction, it is respectfully submitted that this Court should deny the Third-Party Defendant's motion to strike the jury demand and request a bench trial.

Dated at Portland, Maine this 24th day of August, 2007.

/s/ Cathy S. Roberts
Cathy Skeirik Roberts, Esq.
BBO #547407
Attorney for Defendant
Maine Coast Marine Construction

THOMPSON & BOWIE, LLP
Three Canal Plaza
P.O. Box 4630
Portland, ME  04112
(207) 774-2500

## CERTIFICATE OF SERVICE

I, Cathy S. Roberts, attorney for Defendant Maine Coast Marine Construction, hereby certify that on this date I made service of the foregoing document titled "Defendant Maine Coast Marine Construction's Objection to Third-Party Defendant's Motion to Strike the Jury Demand and for Bench Trial" with the Clerk of Court using the CM/ECF System which will send notification of such filing to the following:

John P. LeGrand, Esq.
Robert J. Murphy, Esq.
Mark G. Furey, Esq.
Aaron K. Baltes, Esq.
Michael S. D'Orsi, Esq.

I hereby certify that on this date I did not mail by the United States Postal Service said submission to non-registered participants, as there are no non-registered participants for this case.

Dated at Portland, Maine this 24th day of August, 2007.

*/s/ Cathy S. Roberts*
Cathy Skeirik Roberts, Esq.
(BBO#547407)
Attorney for Defendant Maine Coast Marine Construction

THOMPSON & BOWIE, LLP
Three Canal Plaza
P.O. Box 4630
Portland, ME 04112
Phone: (207) 774-2500
Fax: (207) 774-3591

\\tbfs2\data\DOCS\283\1\9138\p-Objection to Motion to Strike Jury 8-24-07.doc